### J. C. Coons v. W. M. Green et al.

#### Decided May 8, 1909.

**1.—Practice—Demurrers.**

In ruling on demurrers the court can look alone to the allegations of the pleadings to which the demurrers are addressed. Evidence should not be introduced to aid the court in its rulings.

**2.—Same—Partnership—Gambling Contract—Jurisdiction.**

That a partnership contract contemplated the disposition of town lots by lottery was a defense that could not be interposed by demurrer when the vice was not disclosed by the petition in a suit by one partner against another for an accounting and share of the profits. The alleged defense did not raise a question of jurisdiction to hear and determine the suit.

Appeal from the District Court of Jones County. Tried below before Hon. C. C. Higgins.

*W. N. Coombes* and *McMahon & Boynton,* for appellant.

*Jas. S. Kendall* and *Jas. A. Stephens,* for appellees.

SPEER, Associate Justice.—J. C. Coons filed this suit against W. M. Green, H. L. Norris, W. L. Power and the Home Land & Trust Company, a corporation, and sought a recovery upon the following petition:

"2. That heretofore, to wit, on or about the 15th day of April, 1907, this plaintiff and defendants, H. L. Norris and W. L. Power, entered into a copartnership with each other, to be known as the Home Land & Trust Co., whereby a certain block of land adjoining the town of Benjamin, Knox County, Texas, was to be acquired for the benefit of such partnership, which said block was to be divided into 800 lots of the dimensions of 50 by 140 feet, with all necessary streets and alleys, and same was to be disposed of by such partnership as the Home Land & Trust Co. Addition to the town of Benjamin. That said partnership was to purchase in the counties adjacent to Knox County, Texas, about 7,000 acres of land which were to be divided into 799 tracts of 5, 10, 20, 40, 50, 60, 70, 80, 90 and 100 acres and one 640-acre tract, of approximately equal value, the size of the tract, the character of the soil, the location and the distance from the railroad being considered, which said tracts, together with the lots above mentioned should be disposed of together, one lot and one tract for each application, the designation of which was to be determined by the applicants themselves, through their selection of a committee of five persons, who should make such designation, according to their own

plans being confined to the restriction that such designation should be in accordance with law. That among other things said partnership was to purchase and run a newspaper in said town of Benjamin.

"3. That it was agreed and understood among the partners that the plaintiff herein should have general charge of the sale of said lots, the appointment and authorization of agents, and the execution of all agency contracts; that the defendant H. L. Norris should have general charge of the office work and exclusive charge of the disbursements of said partnership, and that the defendant W. L. Power was to be the editor of and have in his charge the management of said newspaper to be established as above alleged. That each was to have an undivided one-third interest in said partnership.

"4. That pursuant to the agreement as above set forth the plaintiff and the defendants Norris and Power, acting together for said partnership, contracted with the defendant W. M. Green to purchase the following described tract of land, to wit: The southwest $\frac{1}{4}$ of section 241 in block 44, H. & T. C. R. R. survey; that under the contract and agreement entered into with the said defendant Green the deed to said property was to be placed with the First National Bank of Benjamin, Texas, and by said bank held until the lots above described had been disposed of in accordance with the plan set forth in paragraph two herein, unless prior thereto the partnership should have deposited in said bank to the credit of said Green the sum of $14,000, upon the payment of which sum to said defendant Green the deed thereto should be turned over to said partnership and the title vested in same. That in pursuance of said agreement the said defendant executed his deed to said property conveying same to this plaintiff and to the defendants Norris and Power, and such deed was deposited with said bank at Benjamin under instructions as above alleged. That also, in pursuance of said partnership, the Benjamin Post, a newspaper, was established in said town of Benjamin; a tract of land immediately adjoining the tract obtained from the defendant Green was purchased, to wit: The southeast $\frac{1}{4}$ of section 241, block 44, H. & T. C. R. R. survey, the south $\frac{1}{2}$ of lot No. 3 in block No. 4 in the town of Benjamin, was purchased and a building constructed thereon, and all the property above acquired, and also a house and lot or lots in the city of Fort Worth, Texas, the description of which is not known to this plaintiff, was so acquired, by the joint efforts of said partners, plaintiff and defendants Norris and Power, and were paid for out of the funds accumulated by said partnership. That practically all of said lots that have been disposed of have been under the agreement of disposition as above alleged, and the basis therefor was a small cash payment, and the balance of $125 in monthly notes of $10 each, whereby said partnership has a large amount of money coming in monthly, and will so have for some time to come.

"5. That in pursuance of the agreement of partnership above alleged, the plaintiff began the discharge of his duties as manager of the disposition of said lots and tracts of land, and the establishment of such agencies as was intended, and continued in the faithful performance of such duties until about the 10th day of October, 1907, when the plaintiff ascertained that said defendants Norris and Power were

not keeping faith with him, but had conspired together to cheat and defraud him out of his share in the said business, which had by reason of the united efforts of said partners attained an estimated value of $50,000.

"6. The plaintiff alleges that the defendants Norris, Power and Green are and have been conspiring and confederating together to cheat and defraud him out of his interest in said partnership, and in pursuance of said scheme the said defendants Norris and Power, together with an employe of said firm, —— Stovall by name, who had no interest in said partnership but was simply employed by same as a bookkeeper for same and who did not invest any money therein, without the knowledge of plaintiff and without his consent and for the purpose of complicating the ultimate ascertainment of this plaintiff's interest in said partnership, did on the 15th day of October, 1907, or thereabout, organize and charter, under the laws of Texas, a corporation in the name of said partnership, to wit: The Home Land and Trust Company of Benjamin, Knox County, Texas, same being the defendant corporation herein, and turned over to said corporation all the assets of the said partnership; which said act of so incorporating and delivering over the assets of such business was a fraud on this plaintiff, and was done in defiance of his rights and in pursuance of a planned scheme on the part of the defendants Norris, Power and Green to cheat and defraud this plaintiff as aforesaid.

"Plaintiff alleges that since the date last above mentioned the defendants Norris and Power have denied and still deny him any participation in the management of the business of the Home Land & Trust Company, and have denied and still deny that plaintiff has or had any interest whatever in said business, and have at all times since said date thwarted all efforts of this plaintiff to carry out his part of the duties connected with the management of said company so completely as to wholly exclude him from any participation in such management.

"8. That in pursuance of the conspiracy to cheat and defraud the plaintiff as above alleged, the defendants Green, Norris and Power have gotten possession of said deed from said bank, and thereafter, to wit, on about the 25th day of March, 1908, as shown by defendant Green's original answer on file herein, the said Green executed a deed to the corporation, defendant herein. That said act on the part of said defendants Green, Norris, Power and The Home Land & Trust Company, of which the defendants Norris and Power are the managing directors, was a deliberate and intentional fraud on this plaintiff, and was done by all of said defendants in the knowledge of the claims being made by plaintiff, and for the purpose of cheating and defrauding him, and destroying evidence of the truth of his claim of interest in said partnership. That said deed was not executed in pursuance with the original contract that same should be delivered when the entire purchase money was paid, but on the contrary was executed and delivered without such payment, and was done solely in an attempt to defraud this plaintiff, and thereby enrich themselves to the extent of his interest in said business, by making personal appropriation of same among themselves.

"9. That since the formation and the putting into execution of

said conspiracy to defraud this plaintiff as above set forth, whereby he was precluded from any participation in the management of said business, this plaintiff is informed and, believing, alleges the fact to be, that the defendants have converted to their own use and appropriated, a large part of the cash profits of said business, the exact amount of which this plaintiff is unable to state, because he has been excluded from examining the books of said company, they having been in the exclusive possession of defendants, which said books they are hereby notified to produce upon the trial hereof or plaintiff will offer parol testimony of their contents. That the profits of said business amount to approximately $60,000, and that this plaintiff's one-third interest therein has been converted by the defendants Green, Norris and Power to their own use and benefit, to his damage in the sum of $20,000.

"Wherefore he prays, the defendants having already answered herein, that he have judgment against all the defendants for his damage in the amount of the ascertained value of one-third interest in the profits of the business now in charge of defendant Home Land & Trust Co., corporation, and that a receiver be appointed to take charge of said property, including real estate, personal property, money, notes and accounts, and any and all property of whatever kind or character, with power to wind up the affairs of same for the benefit of all parties at interest, and that after the payment of all just debts of such business, and of the costs of the receiver, that the proceeds remaining be first applied to the payment of the amount in this court adjudged to be due this plaintiff, and further, in the event upon the winding up of said business the amount of funds realized from same should not be sufficient to cover the amount herein ascertained to belong to plaintiff, that he have judgment against the defendants Norris, Power and Green for such balance, and for all costs, and for such other and further relief, both general and special, as he may show himself entitled, either in law or equity, as plaintiff will ever pray, etc."

The trial court sustained a general demurrer to this petition and dismissed plaintiff's cause of action, from which judgment this appeal is prosecuted. The theory upon which the court sustained a general demurrer is explained by the recitations in his judgment to the effect that the court heard certain evidence in support of the demurrers, and is defended by appellee with the proposition that the court has the right to hear the necessary evidence to enable it to decide as to whether or not it has power to try the case which it is sought to have it adjudicate, whether the allegations disclosing such want of jurisdiction appear in the petition of the plaintiff or in the pleadings of the defendants. To be more specific, the court held, after hearing certain evidence, that the partnership enterprise between appellant and appellees contemplated the disposition of town lots by lottery, and the plaintiff therefore had no cause of action against the defendants for their breach of such unlawful undertaking. As to the merits of this proposition of substantive law we will have nothing to say, but it is evident from reading the petition above set forth that it within itself contains nothing to justify this conclusion, and we need not cite authority for the proposition that in ruling on demurrers the court can look alone to the allegations of the pleadings to which the demurrers are addressed.

Moreover ,the principle invoked by appellee—that is, that the court may hear evidence to determine its jurisdiction—finds no place in this case, since the real question is not one of jurisdiction at all. If the contract, for a breach of which appellant has sued, is not enforceable in the courts for the reason urged by appellee—that is, because it is contrary to public policy and void—still the court would have jurisdiction as to that matter, but whether or not it would sustain a demurrer to the petition would depend upon whether or not the petition disclosed the vice in the cause of action. The petition might of course be good, and the defense be made by the answer. The court would of course have jurisdiction to try the issue, though it would in a proper case render judgment against the validity of the contract sued on. These suggestions are elementary, but are made in reply to the suggestions of appellee in defense of the court's ruling on demurrers. Reversed and remanded for another trial.

*Reversed and remanded.*