PYLE v. PARK et al. (No. 1182.)

(Court of Civil Appeals of Texas. Amarillo. June 6, 1917.)

1. MONEY RECEIVED ⬤⇒17(1)—PLEADING.

An amended petition, alleging that defendant P., with fraudulent intent, conveyed to a third person plaintiff's interest in an advertising contract, the proceeds of which it had been agreed should be distributed pro rata between plaintiff, P., and L., entitled plaintiff to recover his interest in the proceeds, though it did not allege any authority in P. to convey plaintiff's interest in the contract, and notwithstanding a statement by the pleader of the legal conclusion that P. was the trustee of plaintiff and L.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 54–57.]

2. PLEADING ⬤⇒216(2)—DEMURRER—MATTERS CONSIDERED.

As a general rule, the only pleading which can be considered in passing on a demurrer, is the pleading demurred to.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 537, 538.]

3. PLEADING ⬤⇒210—EXCEPTION—DEMURRER —"SPEAKING DEMURRER."

A statement styled an exception, wherein it was insisted that an effort to recover under an allegation of a partnership in the third amended petition was barred by limitation inasmuch as the former pleadings contained no allegation of partnership, was not an exception, but a "speaking demurrer," and bad because it required consideration of pleadings other than that demurred to.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Speaking Demurrer.]

4. LIMITATION OF ACTIONS ⬤⇒180(1)—OBJECTION—PLEA—EXCEPTION.

An objection that an amended petition presents a new cause of action barred by limitations can be reached only by a plea, and not by an exception, which requires consideration of the former pleadings to determine whether a new cause of action has been presented.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 670.]

Appeal from District Court, Dallas County.

Action by O. P. Pyle against Milton Park and others. From judgment for defendants, plaintiff appeals. Reversed and remanded.

M. L. Dye, of Dallas, for appellant. T. F. Lewis and Muse & Muse, all of Dallas, for appellees.

HALL, J. The nature of this case is fully and clearly stated in Park v. Pyle, 157 S. W.

445. Reference is made to such statement, and we will add only such further statement as is necessary to the disposition of this appeal.

After the reversal of the former judgment, it appears that the trial court ordered the parties to replead. In compliance with this order, the plaintiff, Pyle, filed his "third amended original petition," and the defendants filed their "third amended original answer," said pleadings styled "third repleader petition" and "third repleader answer," respectively, in the briefs. The third amended petition alleged, in substance, that Milton Park was duly made, constituted, and appointed trustee and agent of plaintiff and Latham by the contract dated October 19, 1908, and that Park undertook and promised to collect as trustee, and to deposit in the Gaston National Bank, all money collected for Park, Pyle, and Latham, keeping the same in said bank as a separate fund in his name for the use and benefit of Park, Pyle, and Latham, and on the 15th day of each month to distribute said money equally amongst the parties, deducting all expenses and charges; that Park did, during the months of October, 1908, to May, 1909, and at other times, collect $1,333.91; that said Park and Latham, on or about February 23, 1909, sold and transferred to C. D. Reimers all the interest of plaintiff, Latham, and Park, under the advertising contract, and all of the unused space for the sum of $5,600, which, together with the $1,-333.91 collected on advertising account, aggregates $6,933.91, and that none of said amount has been deposited by Park in said bank, nor has any of said amount been paid over to plaintiff; that Park concealed from plaintiff and Latham the books showing the collections and converted said amounts to his own use and benefit; that the contract with Smith & Sweet provided, among other things, that it was to begin November 1, 1908, and terminate June 1, 1911, except certain omissions which were to be completed by or before December 1, 1911, and that whether or not the entire 7,000 inches of space is used by June 1, 1911, the remainder, if any, of said indebtedness of Smith & Sweet is to be canceled on that date and all notes, if any unpaid, and the deeds of trust, are also to be canceled; that, by virtue of said contract with Smith & Sweet for 7,000 inches of advertising space, said notes of Park, Pyle, and Latham were discharged, and the makers thereof, Smith & Sweet, released from liability thereon; that said Park was a trustee to collect for space sold and apply the proceeds to the payment pro rata of said notes, which was done until said trustee and Latham sold all of said unused space to Reimers; that, for the purpose of asserting a claim to plaintiff's one-third interest in said $6,933.91, the said trustee, Park, procured said Latham to sign with said Park the name of the payee of plaintiff's said notes on said transfer to Reimers, and together they transferred plaintiff's notes, together with the notes of Park and Latham, to Reimers for $5,600, and Pyle and Latham were released from all obligation in the transfer to Reimers; that the real purpose of such assignment and transfer of said notes was to assign said 7,000 inches of advertising space to Reimers and to release him from his obligation to furnish same for the purpose aforesaid; that the transfer of said notes to Reimers was made by Park with the intent to defraud plaintiff and to afford Park a pretext for withholding and unlawfully converting plaintiff's money to Park's own use; that, after said notes were transferred to Reimers, he made no effort to collect them from the makers, Smith and White, but destroyed them; that the total principal of said notes amounted to $10,-000; that plaintiff, Park, and Latham were each entitled to 56 per cent. of the amount contributed by them in the enterprise; that this distribution of the $5,600 was agreed on between plaintiff, Park, and Latham, prior to the time the money was paid to Park by Reimers; that Latham has received 56 per cent. of said amount from Park, who promised Latham, as the representative of plaintiff, to pay plaintiff the same per cent., which has not been done; that 56 per cent. of the $4,050 which Park refused to deliver to plaintiff amounted to $2,712.63.

Two "special exceptions" were urged to the third amended petition. One of them is as follows:

"And for special exception says that plaintiff's cause of action, as disclosed by paragraph 4 of his third repleader, is for his interest of $1,333.91, collected by the alleged advertising contract, and in paragraphs 5 to 8, inclusive, for damages for the assignment of plaintiff's interest in contract alleged, as Exhibit B, to Reimers for alleged sum of $5,600. There is no allegation in said third repleader which discloses any power or authority in Milton Park to assign or convey plaintiff's interest in said contract, or how or in what way the title or interest of the plaintiff therein could vest in Reimers, and under said contract and instrument alleged no title of the plaintiff passed by virtue of said alleged transfer by Milton Park or by him and Latham. The contract set out in paragraph 2 of said third repleader petition is the same as the contract marked 'Exhibit A,' made a part of the petition, and is confined to the disposition of money realized from advertising contracts to fill the 7,000 inches of space, and provides, under said contract marked 'Exhibit A,' for the payment of advertising contracts to Milton Park. Exhibit B, par. 1 thereof, shows contract by newspaper to furnish 7,000 inches of advertising space. Exhibit A, par. 2, provides that Reimers, Park, and Latham are to procure contracts for advertising for the above space, and Exhibit B, par. 3 thereof, provides for $1.50 per inch for advertising contracts unless waived by written consent of said newspaper owners. Neither of the contracts alleged empower the sale of 'space'; the extent of contract was to procure advertising contracts for 'space.' The third repleader petition, in paragraphs 5 and 7, alleges the sale of all the space to Reimers, who bought the paper from the owners who had contracted to furnish the space. The petition discloses no divestiture of title out of the plaintiff of the advertising space by the alleged as-

signment of sale thereof by Milton Park and Geo. Latham to Reimers, or any authority in the said Park or Latham to so convey or in any wise transfer or affect the title of Pyle to such space. The contract restricts the rights of Park, Pyle, and Latham to procure advertising to fill the space by contracts for advertising at not less than $1.50 per inch. Wherefore defendant prays judgment."

[1] If this can be properly called a special exception, it raises several objections to as many different paragraphs of the third amended petition. The pleading may not allege any power or authority in Park to convey plaintiff's interest in said contract, but it does allege the conveyance and the fraudulent intent of Park in making it and an agreement on the part of plaintiff, Park, and Latham to a pro rata distribution of the $5,600 received as a consideration for such transfer. This allegation, if true, it seems to us, entitles plaintiff to recover his interest in said sum. There is no attempt, as shown by the pleading, to set aside the sale to Reimers, nor to recover from Reimers as a fraudulent transferee, any interest which plaintiff may have under the contract. This suit by plaintiff to recover of Park plaintiff's pro rata interest in the proceeds of the fraudulent sale is an affirmance of the transfer. It is true the pleading alleges that Park was the trustee of plaintiff and Latham, but this is a statement by the pleader of a legal conclusion. Judge Tolbert, on the former appeal, held, in construing the contract, that in effect by its stipulation Park was not such trustee. Aside from the contract construed, the facts as alleged show that Park has collected and has in his possession funds belonging to the plaintiff. Under these allegations, if true, plaintiff is entitled to recover, whether he is called a trustee or not.

The second exception sustained by the court is as follows:

"And for special exception this defendant says that paragraph 5 and paragraph 7 of the plaintiff's third repleader petition, filed April 9, 1915, sets up a new cause of action to that set up in plaintiff's second repleader petition filed herein February 10, 1915, and which said new cause of action set up in plaintiff's third repleader petition filed April 9, 1915, is barred by the statute of limitation of two years, and the statute of limitation of four years, in that the transaction alleged occurred on or about the 23d day of February, 1905, according to the allegation in both of said above repleader petitions of the plaintiff; that said new cause of action consists in this, viz.: That in plaintiff's second repleader petition, filed February 10, 1915, the plaintiff bases his case upon contracts A and B, attached to said repleader petition, and under paragraph 4 thereof seeks to recover his one-third interest in $1,333.91, due him by Milton Park and Geo. Latham, under and by virtue of the contract set out in paragraph 2 of said second repleader petition, which said contract is Exhibit A, and alleges the conversion of his interest in said sum of money by Milton Park, amounting to $444.62⅗, and of which said amount this court would not have jurisdiction, unless the same can be linked or connected with his damages claimed under paragraph 7 of said second repleader petition, for the sale of alleged space in said newspaper.

"In paragraphs 5 and 7 of said repleader petition, filed February 10, 1915, the plaintiff based his right of recovery for damages upon the alleged conversion by Milton Park from the alleged sale of space, and transfer of contract shown in Exhibit B. The defendant, by his answer to said second repleader petition, by exception, challenged the right of the plaintiff to recover damages for the alleged transfer of contract set out as Exhibit B for the sale of space alleged thereunder, for the reason that from the contract Milton Park was without authority and possessed of no power to make such sale or transfer, and no title passed to Reimers, his alleged vendee or transferee, and, if his said exception thereto was sustained, then the amount in controversy, under the allegations and paragraphs 1, 2, and 4, of said second repleader petition, under contract A, failed because of want of jurisdiction of the court to hear and determine the controversy, involving less than $500, and said exceptions to said second repleader petition are here referred to as a part hereof and evidencing same; that said contracts made as Exhibits A and B are the same contracts to the second and third repleader petitions by the plaintiff; that said second and third repleader petitions, under the order of the court, were required to be and took the place as substitute for all previous pleadings of the plaintiff, and likewise the repleader answers of the defendant took the place as substitute for the defendant's previous pleadings; that in the plaintiff's third repleader petition, filed April 9, 1915, in paragraph 5 thereof, the plaintiff modifies and changes the allegation of 5 in the former repleader petition, alleging that all of said acts, transfers, conveyances, etc., were made by Park and Latham, and then charges a partnership between Latham, Pyle, and Park in avoidance of the effect of defendant's special exceptions to his second repleader answer, of the fact that Park's alleged transfer under said Exhibit B could not and did not pass any of Pyle's title, which allegation of partnership is contained in averment of a material fact that Park concealed from his partners, Latham and Pyle, the book showing the collections, etc., in said paragraph 5 of his third repleader petition, and which said allegation of partnership was not heretofore alleged in paragraph 5 of his second repleader petition, but in other paragraphs thereof, and that said allegation of the fact of partnership is for the first time pleaded in said third repleader petition, the purpose and effect thereof being to make valid the alleged sale by Park and Latham of the alleged space under the contract shown in Exhibit B; that said allegation of partnership changes plaintiff's cause of action from that averred in his second repleader petition and makes new and distinct cause of action otherwise not maintainable under the allegations of his second repleader petition; that under plaintiff's seventh paragraph in his third repleader petition is the allegation not heretofore made in his second repleader petition, to the effect that Park was trustee to collect for space sold, thereby ingrafting a cause of action not heretofore pleaded in his second repleader petition, and linked with his allegation of partnership above referred to would constitute the transfer and sale alleged a valid transfer and sale by a partnership, instead of an illegal sale by an individual, without power or authority to make the same.

"Wherefore, defendant excepts and says that said cause of action as so reported in his third repleader petition is a new and different cause of action from that pleaded in his second repleader petition, and that said cause of action alleged in said third repleader petition having occurred, and the transaction being as alleged in said third repleader petition on or about February 23, 1909, that the plaintiff's said cause of action presented in his said third repleader petition has accrued more than two years prior to the filing of his third repleader petition on

April 9, 1915, and the same is barred by the two years' statute of limitation, and the four years' statute of limitation; and that the defendant prays judgment, referring to and making said plaintiff's second repleader petition and defendant's second answer thereto a part hereof for the consideration of the court, and prays judgment upon this, his said exception, and that the same be sustained, and that the cause be dismissed."

[2-4] This unnecessarily prolix statement is in no sense an exception. As a general rule, only the pleading demurred to may be considered in passing on the demurrer, and no reason is shown here why the general rule should not obtain; and, in order to pass upon this as an exception, the court must necessarily consider, not only the allegations in the third amended petition, but also the facts alleged in the second amended petition. The pleader insists that by comparison of the allegations in the two pleadings a new cause of action has been set up, in that plaintiff alleges a partnership between himself, Park, and Latham, which was not alleged in his former original pleadings, and that the effort to recover under the allegation of the partnership is barred by limitation. If this is a fact, it can be reached only by a plea, and not by an exception, which requires the consideration of such superseded and abandoned pleading. Newsom & Johnston v. Sharman, 119 S. W. 912; Kruegel v. Porter, 136 S. W. 801; Porter v. Pecos & North Texas Ry. Co., 56 Tex. Civ. App. 479, 121 S. W. 897; Coons v. Green, 55 Tex. Civ. App. 612, 120 S. W. 1108. It is not the office of an exception to set out facts not shown by the pleading to which the exception is urged. If it relies on extrinsic facts, it is called a speaking demurrer, and is bad. 6 Stand. Proc. 888–890. It appears that, after the court had sustained the two exceptions copied above, the cause was dismissed, and from such judgment this appeal is prosecuted.

The judgment is reversed, and the cause remanded.