## LONE STAR GAS CO. v. BACCUS.
### (No. 708.)

Court of Civil Appeals of Texas. Waco. Dec. 13, 1928.

Karl F. Griffith, Roy C. Coffee, and Marshall Newcomb, all of Dallas, for appellant.

Estes & Estes, of Granbury, for appellee.

BARCUS, J. Appellee instituted this suit against appellant to enforce a $300 arbitration award which he alleged had been made in his favor by an arbitration committee appointed by himself and appellant as per an agreement made, and, in the alternative, asked for damages for $345 which he claimed to have suffered by reason of the acts of appellant. Appellee alleged that in December, 1925, he entered into a contract with appellant, under the terms of which appellant could lay its pipe line and build its telegraph and telephone lines across his land, and that said contract provided appellant would pay him certain damages occasioned thereby and the manner of adjudicating the same, as follows: "To pay any damage which may arise to crops or fences from the construction, maintenance and operation of said pipe, telegraph and telephone line; said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by the said grantors, their heirs or assigns, one by the said Lone Star Gas Company, its successors or assigns, and the third by the two so appointed as aforesaid; and the written award of such three persons, or any two of them, shall be final and conclusive." Appellee alleged that during the years 1925 and 1926, appellant did certain damage to his crops, lands, and fences, amounting to $345, as shown by a bill attached and marked "Exhibit A" (there is, however, no exhibit attached to said petition). Appellee further alleged that appellant refused to pay said damages, and that in June, 1927, he and appellant submitted the matters in dispute to arbitrators, as provided in said contract, and that said arbitrators awarded him $300 for the damages which he had sustained by reason of the matters complained of. He alleged that said arbitration was in all things done according to the contract, and asked that he have judgment for the amount of the award. Appellee filed, with and as a part of his pleadings, a copy of the award made by two of the arbitrators. In the alternative, he asked that if the award was not sustained, he have judgment for $345, the total amount he claimed to have been damaged.

Appellant by a special exception asked the court to require appellee to plead more fully the items of damage, showing the separate amount of damage claimed to his crops, his land, and his fences, which were embraced in the award. The court overruled this exception, and appellant assigns error. We sustain this assignment. Appellant was entitled to have this information. Appellant specially excepted to that portion of appellee's petition which sought to recover on the award, on the ground that the pleadings of appellee, taken in connection with the award as made by the arbitrators, which was made a part of appellee's pleadings, showed affirmatively that said award was illegal and not binding upon appellant, in that it appeared therefrom that the arbitrators considered items of damage not authorized under the arbitration agreement. We think this exception should have been sustained. Appellee pleaded specifically the terms of the arbitration agreement, which permitted the arbitrators to only pass upon and determine damages which appellant caused to appellee's crops and fences. Appellee in his petition alleged that he claimed damages which he had suffered to his crops, fences, and lands, and the award of the arbitrators states they allowed appellee damages to his crops, fences, etc., as claimed by him. Clearly, under the

arbitration agreement, the arbitrators were not authorized to award appellee damages for any injury which he sustained to his land, and, if the award embraces damages to appellee's land, same is not enforceable as an award under said agreement to arbitrate.

■ The trial court sustained the special exception of appellee to that portion of appellant's answer which alleged affirmatively that the award of the arbitrators was invalid and not binding upon it because said award embraced items of damage not authorized under the arbitration agreement, and to that portion of the answer which alleged that the arbitration was voidable and unenforceable because the board of arbitrators was not composed of three disinterested persons as provided by said agreement, in that only two of the arbitrators were present when the award was made, and one of said two arbitrators was biased, prejudiced, and unfriendly to it, and was partial to appellee, and that appellant was not present or represented by its arbitrator when the award was made, and that undue influence was exercised over the two arbitrators by appellee or his attorney; and that said award was obtained by fraud, improper conduct, prejudice, bias, and partiality. Appellant assigns error to the action of the trial court in sustaining these exceptions. We sustain these assignments. If as a matter of fact the arbitrators embraced in the award items not authorized by the arbitration agreement, same would vitiate said award and it would not be binding upon the parties. Fortune v. Killebrew, 86 Tex. 172, 23 S. W. 976. If said arbitration was obtained by fraud or corruption or partiality on the part of the arbitrators, or if the arbitration was made without any notice to appellant, or if the arbitrators were disqualified, these would be grounds which would authorize the trial court to set the same aside. 5 C. J. 189, 190; 2 R. C. L. 390, 391, 393. The rule is stated in 5 C. J. 189, as follows: "Fraud, corruption or misconduct of the arbitrators is ground for setting aside the award, especially where one of the parties participates therein." Paragraph 482, p. 190, 5 C. J., lays own this rule: "If arbitrators conduct themselves with bias or partiality, this amounts in law to misconduct, which will warrant the setting aside of the award." The above quotations are supported by a long list of authorities from many of the states of the Union.

■■ Appellee contends that the judgment of the court should be affirmed because the appellant agreed that the trial court should hear the ex parte statements of the respective parties with reference to how the arbitration was made, in order to intelligently pass upon the exceptions, and agreed that, if the trial court should overrule its exceptions to plaintiff's pleadings and should sustain the exceptions of appellee to appellant's answer, the court could then enter a judgment upholding the validity of the award and render judgment for appellee for the $300. Appellant denies having made any such agreement or having waived its right to a trial to a jury on the issues of fact. We do not deem it necessary to determine the right or wrong of these contentions between the parties. Clearly, from the entire record, it appears that the trial court was hearing the ex parte statements of the parties and their attorneys for the purpose of being able to intelligently pass upon the demurrers and exceptions. The judgment of the trial court specifically states that the court overruled the exceptions of the defendant to plaintiff's pleadings, and sustained the exceptions of plaintiff to the defendant's pleadings, to which action and ruling of the court the appellant duly excepted. There is no statement of facts in the record and nothing before this court which authorizes it to hold that the trial court heard any evidence on the merits of the case. There are in the transcript ex parte statements made by the attorneys and the agent for appellant to the court to enable it to pass on the demurrers and exceptions, but said statements cannot be considered by this court as a statement of facts. Neither is there any finding of fact filed by the trial court. The law seems to be well settled that, in passing on demurrers and exceptions, the trial court can only look to the pleadings as filed, and has no authority to consider outside or extrinsic matters with reference thereto. Pyle v. Park (Tex. Civ. App.) 196 S. W. 243; McHenry v. Bankers' Trust Co. (Tex. Civ. App.) 206 S. W. 560; Eldridge v. Eldridge (Tex. Civ. App.) 259 S. W. 209.

■ Appellant complains of the action of the trial court in sustaining the general demurrer of appellee to its entire answer. Said answer consisted not only of the special defenses, but contained a general denial. Our courts have uniformly held that it is error for the trial court to sustain a general demurrer to a defendant's general denial. Astin v. Mosteller (Tex. Civ. App.) 144 S. W. 701; Cooper v. Robischung Bros. (Tex. Civ. App.) 155 S. W. 1050.

■ If as a matter of law the trial court had been correct in his rulings on the exceptions, then the issue between the parties with reference to the purport and intent of the agreement which they made in the trial court might become material. There is, however, as we understand the record, no contention on the part of appellee that the appellant, by its agreement in the trial court, in any way waived its right to complain of the action of the trial court in overruling its exceptions and in sustaining appellee's exceptions to the pleadings. The judgment of the trial court affirmatively shows that appellant did except to said rulings, and same would control rather than any alleged agreement that might have been made.

For the errors indicated, the judgment of the trial court is reversed and the cause remanded.