## GUTIERREZ et al. v. MARTINEZ et al.

### No. 8574.

Court of Civil Appeals of Texas. San Antonio.
March 25, 1931.

Rehearing Denied April 15, 1931.

W. W. Winslow and Gibson & Blackshear, all of Laredo, for appellants.

Mann, Neel & Mann, of Laredo, for appellees.

COBBS, J.

This suit was brought by appellants, the children and heirs of Jose Encarnacion Gutierrez, the adopted son and heir of Gregoria Martinez de Gutierrez, against appellees, the heirs of the brothers and sisters of said Gregoria Martinez, for partition of 5,280.7 acres of land out of the Blas Maria grant in Zapata county, Tex., originally granted to Antonio Martinez Gutierrez, the father of said Gregoria Martinez and the ancestors of appellees.

Appellees answered with general demurrer to appellants' third amended petition, which the court sustained, and, appellants having refused to further amend, the case is here on appeal.

This case on the demurrer must be tested by the sufficiency of the petition. As the

court sustained the demurrer to the petition, it must of consequence be given its fullest force and effect, as though the facts alleged had been proven. The demurrer admits the allegations that plaintiffs and defendants were joint owners in fee simple of the property described; that plaintiffs were the owners of an undivided one-fourth part thereof; that defendants were the owners of an undivided three-fourths thereof; that plaintiffs and defendants were the sole owners of said land and premises; and that the estimated value thereof was $50,000. The allegations setting out the chain of title to the property, that Gregoria Martinez was one of the children and heirs of the original grantee, the law relating to the method of adoption in the state of Tamaulipas, Mexico, the precise compliance with that law by the said Gregoria Martinez and her husband Benigno Gutierrez in adopting plaintiffs' ancestor, Jose Encarnacion Trevino (thereafter known as Jose Encarnacion Gutierrez), the death of said Gregoria Martinez without other heirs and of Jose Encarnacion Gutierrez, and the fact that plaintiffs are the sole children of the latter, present a good cause of action to which the general demurrer should not have been sustained.

Appellants having alleged a judicial act of adoption done by a court of competent jurisdiction, having jurisdiction over the individual whose status was to be fixed, and having before it all parties and facts necessary to exercise that jurisdiction, and having inquired into and determined that the adopting parties had all the qualities and circumstances necessary to adopt, and said court having decreed the adoption, such judicial act and decree was a judgment in rem, binding upon all the world, and is not now, after a period of 80 years, open to a collateral attack upon the issue of fact that the parties did not have the qualities necessary to adopt.

There was no defect apparent on the face of the petition, and, even though appellees upon proof of certain facts not alleged in the petition could defeat the same, it was not subject to general demurrer, and the demurrer should not have been sustained.

The petition shows on its face all that was necessary to be alleged in a suit for partition, which, on account of appellees' answer, became a suit in trespass to try the title. If the petition had alleged other disputable facts, that would not have subjected it to a general demurrer.

The allegations of facts show that Blas Maria grant was granted by the Crown of Spain to Antonio Martinez Gutierrez, and confirmed to his heirs by the state of Texas; that said Antonio Martinez Gutierrez died intestate leaving nine children, of whom one was Gregoria Martinez, whose share and interest is claimed by appellants; that said Gregoria Martinez married Benigno Gutier-

rez and was never married to any other person, and that no children were born to her of said marriage. That the law in force in the state of Tamaulipas, Mexico, in 1851, was the law in Spain, which up to the year 1846 was in force as well in the territory now embracing Webb and Zapata counties as the territory of the present republic of Mexico, and provided for the manner of adoption.

The petition alleges the most exact and precise compliance with that law by Gregoria Martinez and Benigno Gutierrez, her husband. That they, each acting with the consent and approval of the other, together with Juan Trevino and Magdalena Ramirez and the said Jose Encarnacion Trevino, appeared before a judge in the city of Guerrero, state of Tamaulipas, Mexico, and the said Juan Trevino and Magdalena Ramirez stated that they desired to give their child Jose Encarnacion in adoption to the said Gregoria Martinez and Benigno Gutierrez, and the said Gregoria Martinez and Benigno Gutierrez stated that they would receive said child in adoption, and the said child, Jose Encarnacion, consenting by remaining silent and not contradicting, and said judge then determined that the said Gregoria Martinez and Benigno Gutierrez had the qualities and circumstances necessary to adoption, and that the adoption would be advantageous and useful to the said child Jose Encarnacion, and authorized the adoption of said child as sought; and the said Juan Trevino and his wife, Magdalena Ramirez, then took the child Jose Encarnacion by the hand and delivered it to the said Gregoria Martinez and Benigno Gutierrez, who received the child as their adopted child, and the public scribe, by order of the judge, issued in proper form a public document certifying to the act of adoption; that the public document so issued has been lost or destroyed, and appellants gave notice to appellees to produce it upon the trial, etc.

It was further alleged that Gregoria Martinez died without other heirs, and that appellants are all the children and the sole heirs of said Jose Encarnacion, also deceased, and as such own the share and interest of said Gregoria Martinez in said Blas Maria grant.

While the record fails to disclose the significant and peculiar grounds for sustaining the demurrer, we think the court agreed with the contention of appellees that the adoption could not have been made in Mexico in the manner and at the time in question.

The particular rule of Mexican and Spanish law upon which appellees relied was a statement from various writers that "no woman can adopt unless she has lost a son in battle and has the consent of the king." Competent Mexican lawyers have testified that the specified reference is to a single woman and has no application in the case of a married woman acting with the consent of her husband. The rule of law laid down by the authorities

seems to be that neither spouse shall adopt without the consent of the other, indicating that with that consent either or both spouses may adopt in the usual manner.

This question was before the Mexican court in 1851, and it was then decided adversely to appellees' present contention. No appeal was taken and the judgment decreeing the status of Gregoria Martinez and her adopted son became final.

In ruling on demurrers the court will look alone to the pleading, Coons v. Green, 55 Tex. Civ. App. 612, 120 S. W. 1108, and every reasonable intendment shall be indulged in favor of the sufficiency of the pleading excepted to. Rule 17 for District Courts.

Adoption, like marriage, fixes a legal status and establishes the fact that the person adopted is in law an heir of the adopter. 1 Tex. Jur. Title Adoption, 745; McColpin v. McColpin (Tex. Civ. App.) 77 S. W. 238.

A judicial adoption proceeding is one which creates the status. It is therefore one which is in rem and is conclusive against the world. Freeman on Judgments (5th Ed.) par. 1421.

This conclusiveness relates to the precise status adjudicated, and to that extent the decree is not open to collateral attack. Miller v. Foster, 76 Tex. 479, 13 S. W. 529.

It cannot be collaterally attacked for errors apparent of record. Thus a decree probating a will cannot be collaterally impeached because the will is on its face invalid. Neither is a decree of distribution subject to such an attack because it manifestly departs from the terms of the will. Freeman on Judgments (5th Ed.) par. 1531.

The inquiry as to the validity of a judgment in rem pronounced by a foreign court is limited to determining whether the forum rei sitæ proceeded according to its own municipal laws in pronouncing such judgment of decree. If it did, the decree is binding on the world. Errors of law, even though they appear on the face of the record, will not be considered, for their consideration would involve the exercise of appellate jurisdiction. Freeman on Judgments, par. 1532.

If the Mexican court erred in finding and decreeing that Gregoria Martinez had all the qualities necessary to adopt, that would be an error of law which could not affect the validity or binding effect of the judgment, and such an error cannot be corrected now, nor the erroneous judgment avoided on collateral attack. Van Matre v. Sankey et al., 148 Ill. 536, 36 N. E. 628, 23 L. R. A. 665, 39 Am. St. Rep. 196.

An adoption in one state according to the laws of that state will entitle such adopted heir to inherit property in this State. 1 Tex. Jur. Adoption, par. 745.

The law of another state, except in so far as the contrary is alleged, is presumed to be the same as that of this state. This rule is equally true in matters relating to adoption.

White v. Richeson (Tex. Civ. App.) 94 S. W. 202.

In Texas "any person" may adopt another. R. S. 1925, art. 42.

This has been the law since January 16, 1850. See Hartley's Digest, p. 88.

And "any person" includes a married woman. De Beque v. Ligon (Tex. Civ. App.) 286 S. W. 749; Bell v. Thomsen, 116 Tex. 325, 273 S. W. 1109, 1 S.W.(2d) 1118.

It must be remembered every legal intendment is indulged in favor of a petition attacked by general demurrer. The facts here show that there is a valid decree, a judgment in rem, of a Mexican court establishing the status of Jose Encarnacion as the adopted son and heir of Gregoria Martinez. Armendiaz v. Serna, 40 Tex. 291.

As the petition did not disclose the laws of Mexico, it could not be tested as to its sufficiency by them upon demurrer. It did not allege that there was a foreign law governing the contract, nor did it state what that law was, and the court could not judicially know of it, and the lex fori would govern the case from necessity, for no other law can be presumed.

There were no facts introduced in evidence, since no law will be presumed, for no Mexican law will be considered that was not introduced in evidence, and none was pleaded or proven. It was necessary to allege the laws of Mexico on the subject, because the laws of Mexico might differ from those of Texas. A compliance with the Mexican laws was alleged.

The amended petition contained all the necessary allegations for a partition suit. The chain of title set out by appellants is complete; the main contention of appellees being that there was no legal and proper act and proceeding to secure the adoption.

The petition alleges a valid judicial decree of adoption. What the proof may show is another question, not now before the court, but it appears from the evidence that Gregoria Martinez and her husband acknowledged Jose Encarnacion as their adopted son at his baptism in 1851, and again when they gave their consent to his marriage, in 1871. At least that judicial act of adoption cannot be attacked by a showing that the Mexican court erred in its application of its law or in its knowledge of facts on which it based its decision.

After an examination of the record and the very full and carefully prepared briefs of the parties, and an examination of the cited authorities available, we are satisfied the court erred in sustaining the demurrer, and for that reason the judgment is reversed, and the cause remanded for another trial.

FLY, C. J., and SMITH, J.
We concur in the result.