**PHILLIPS PETROLEUM COMPANY,**
**Appellant,**

v.

**Anita Willis MORRIS and husband,**
**C. L. Morris, Appellees.**

**No. 8475.**

Court of Civil Appeals of Texas,
Amarillo.

Jan. 6, 1975.

Lloyd G. Minter and C. J. Roberts, Bartlesville, Okl., Jack Ritchie and T. L. Cubbage II, Amarillo, for appellant.

Burkett & Ross, Jack L. Edwards, Dimmitt, for appellees.

ROBINSON, Justice.

Lessors Anita Willis Morris and C. L. Morris filed suit for damages to future crops under a specific provision of their oil and gas lease which provides for payment of damages to crops or improvements caused by operations of lessee Phillips Petroleum Company. The trial court entered judgment for plaintiffs for $1,391 with interest from January 10, 1973, based on jury findings of the amount of depreciation in value of land permanently damaged and the rental value of land temporarily damaged. Defendant Phillips appeals. Reversed and rendered.

On December 9, 1968, Anita Willis Morris and her husband, C. L. Morris, as lessors, executed an Oil, Gas and Mineral Lease covering certain property owned by them in Castro County. Phillips Petroleum Company was the lessee named in said oil and gas lease. In October of 1970, Phillips entered upon the land covered by the oil and gas lease for the purpose of commencing operations for the drilling of a well in search of oil, gas and other minerals. At the time Phillips went upon the plaintiffs' property, there were no crops growing; however, this land had been used earlier to grow milo which was harvested prior to the commencement of operations by Phillips. In the course of its operations, Phillips used 2.42 acres for the drillsite location and 1.81 acres as roadway to connect the drillsite to the section line road. The well was completed in November, 1970, as a dry hole. Thereafter, Phillips removed its equipment, filled in the slush pits, broke up the dirt roadway and abandoned the wellsite and road.

After control of the 4.23 acres was returned to plaintiffs, crops were planted on the ground which had been used as wellsite and road. Morris found that this land did not produce crops as it had before its use by Phillips and that some of the land would not bear crops at all.

Plaintiffs sued Phillips alleging that later planted crops did not mature and that Phillips was contractually liable to plaintiffs for damages by reason of the provision in the 1968 oil and gas lease which said:

> "13. The Lessee agrees to pay for damages to crops or improvements caused by operations of Lessee."

Phillips denied that the contract provision authorized a recovery for crops not actually in being and damaged at the time Phillips conducted its drilling operations.

The only issues presented to the jury were special issues regarding damages, measured by depreciation in value of land permanently damaged and rental value of land temporarily damaged.

There is nothing in this case concerning negligence on Phillips' part, and there is

nothing in the case concerning excess or unreasonable land use. Phillips' liability here exists by reason of paragraph 13 of the Oil, Gas and Mineral Lease of December 9, 1968, or it does not exist at all. Warren Petroleum Corporation v. Monzingo, 157 Tex. 479, 304 S.W.2d 362 (1957).

We find no Texas case defining the word "crops" as used in the clause in question. However, Texas courts have made a clear distinction between damage to crops and damage to the fertility of the soil, which in turn, results in a failure to produce or a reduction in production of future crops.

In Lone Star Gas Co. v. Baccus, 11 S. W.2d 355 (Tex.Civ.App.—Waco 1928, no writ) the land owner entered an agreement with the company for payment and arbitration of "any damage which may arise to crops or fences from the construction, maintenance and operation of said pipe, telegraph, and telephone line". In a suit to enforce an arbitration award, it was held that exceptions to the pleading alleging a claim for damages to crops, fences and land, and to award stating that damages were allowed to crops, fences, etc., as claimed, should have been sustained, since arbitrators could not award damage for injury to the land, and the award, if embracing such damages, was unenforceable.

In City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57 (Tex.Com.App.1931, opinion adopted), a nuisance suit for damages as a result of the overflow from a sewer system, the court states:

> "The record shows that the sewer system was completed in 1928, and that damages to the land and crops growing thereon resulted during that year from overflow water caused from the completion of the sewer system. Evidence was introduced tending to show the condition and value of the crops injured during the year 1928 at the time the land was injured, and also with respect to the crops growing thereon in 1929. Plaintiff had the right to introduce testimony with reference to the condition and value of his crops growing on the land in 1928 at the time the land was injured and had the right to recover damages sustained by him to the crops growing thereon at that time. All other evidence with reference to damages to crops grown on the land during other years would not be admissible, except for the purpose of showing the extent of the injury to the land, its failure to grow crops thereon as it did before the injury, and to show the market value of the land at the time of its injury."

In Cosden Oil Co. v. Sides, 35 S.W.2d 815 (Tex.Civ.App.—Eastland 1931, no writ), a case growing out of negligence in allowing the overflow of oil waste on land, the court held that damages for permanent injury to land was the depreciation in the value of the land resulting from the injuries as distinguished from damages for grass or hay which were recoverable only for the year in which it was destroyed.

> "Crop" is defined in 17 Tex.Jur.2d Crops, § 1, as follows:

> "A crop is primarily some product of the soil and has been defined as 'everything produced from the earth by annual planting, cultivation, and labor.' The term may apply either to a gathered or a growing crop."

See also 21 Am.Jur.2d Crops, § 1.

In the light of the foregoing authorities and the plain language of the contract itself, providing for damages to crops or improvements, we hold that lessee was not liable to lessors for the loss of anticipated future crops occasioned by damage to the soil as a result of the activities in question pursuant to Phillips' lease agreement with plaintiffs.

Because our holding requires that the judgment of the trial court be reversed and rendered, we do not reach appellant's other points of error. We have, however, con-

sidered all of the evidence and find that the evidence, considered as a whole, is sufficient to support the jury's answers to the special issues. Appellant's points of error urging otherwise, would be overruled, if reached.

The judgment of the trial court is reversed and judgment rendered that plaintiffs take nothing.