### MUELLER v. SPENCER. (No. 7934.)

(Court of Civil Appeals of Texas. Galveston. June 10, 1920. On Motion for Rehearing, Oct. 12, 1920.)

**1. Trial ⬤⟶388(1)—Findings of fact and conclusions of law must be filed on request.**

Where a case is tried before the court without a jury, the court must file written findings of fact and conclusions of law within 10 days after adjournment.

#### On Motion for Rehearing.

**2. Appeal and error ⬤⟶1071(1)—Failure to file findings of fact and conclusions of law reversible error.**

Failure to file findings of fact and conclusions of law is reversible error unless the record shows affirmatively the failure resulted in no harm to the complaining party, so, where there was much evidence to support the defense urged and it appeared that the court might have deemed the defense established but to be insufficient in law, the judgment must be reversed.

Error from Harris County Court; Roy F. Campbell, Judge.

Action by James G. Spencer against John L. Mueller, begun in justice court and appealed to the county court. Judgment in the latter court for plaintiff, and defendant brings error. Reversed and remanded.

A. E. Dawes, of Houston, for plaintiff in error.

W. B. Ware, of El Paso, for defendant in error.

LANE, J. This suit was originally brought in the justice court by James G. Spencer, hereinafter called plaintiff or appellee, against John L. Mueller, hereinafter called defendant or appellant, to recover the sum of $125 for damages to one cow belonging to him (Spencer) by reason of the alleged negligence of appellant.

The plaintiff's cause of action as presented in the justice court was that, while he was leading his cow in and along one of the streets of the city of Houston, the defendant, while driving an automobile at a very high speed, wantonly and negligently ran said automobile against his cow, so injuring her as to render her worthless, to his damage in the sum of $125.

The defendant answered by general denial.

In the justice court judgment was rendered in favor of the plaintiff, Spencer, for the sum of $57. From this judgment defendant, Mueller, appealed to the county court.

After the cause had been transferred to the county court by appeal the defendant amended his answer and alleged that the plaintiff was guilty of contributory negligence.

The cause was submitted to the court below without a jury, and judgment was rendered in favor of the plaintiff against defendant for the sum of $92. From this judgment this appeal is taken, and appellant insists that this court should reverse the judgment and remand the cause for this, that the trial court failed to file his separate findings of fact and conclusions of law as requested by appellant.

[1] It is the general rule that where the case is tried before the court without a jury, and a request is made for a finding of facts and conclusions of law, such findings and conclusions must be filed within 10 days after the adjournment of court and that the failure of the court to so file such findings and conclusions is reversible error. But it appears from the court's qualifications to appellant's bill of exception No. 1, which was accepted and filed by appellant, that counsel for appellant did in proper time orally request the court to file his findings of fact and conclusions of law, and at the same time told the court that he would prepare and submit

to the court for approval such findings and conclusions, and that he failed to do so, and that the court, depending upon counsel's promise to prepare and submit such findings and conclusions, and not having his attention again called to the matter by any one, overlooked the matter until too late to file same.

Under these circumstances, we do not think appellant is entitled to have the judgment against him reversed solely upon the ground that the trial court failed to file such findings and conclusions.

Appellant has heretofore filed his motion to strike out the statement of facts prepared and filed by the trial court.

In view of the fact that the only question presented by the assignments of appellant have been disposed of without the resort to a consideration of the statement of facts, we deem it unnecessary to discuss this motion, and therefore overrule same without further comment.

For the reasons pointed out the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

The complaint of plaintiff in error on this appeal, and upon which he relies for reversal of the judgment rendered against him, is that the judge who tried this cause, without a jury, failed to file his findings of fact and conclusions of law after he had in due time and manner made request therefor.

This court in a former opinion overruled the assignment and affirmed the judgment.

In his motion for rehearing plaintiff in error has called our attention to the fact that we had erroneously stated in our original opinion that the failure of the trial judge to file his findings and conclusions was brought about by fault of counsel for plaintiff in error.

[2] Upon review of the record we find this complaint correct. This error on the part of the court was brought about in this way: The trial court qualified the bill of exceptions, taken by plaintiff in error to his failure to file findings of fact and conclusions of law,

stating that counsel for the "plaintiff" told the court that he would prepare and submit to the court for approval the findings and conclusions requested, and that such counsel failed so to do, and that the court, depending upon counsel's promise, and not having his attention again called to the matter by any one, overlooked the same until too late to file such findings and conclusions. In passing on the assignment, we confused the party "plaintiff" mentioned in the court's qualification with the "plaintiff in error" and therefore reached the erroneous conclusion that the promise to prepare such findings and conclusions was made by counsel for plaintiff in error, and so concluding we held that plaintiff in error was estopped to complain of the failure of the judge to file such findings and conclusions.

By the decisions of all of our appellate courts the rule that the failure of a trial judge to file findings and conclusions as required by the statute will be reversible error, unless the record shows affirmatively that such failure resulted in no harm to the party complaining, seems to be well established. Poulter v. Smith, 149 S. W. 279, and authorities there cited.

The record in this case is accompanied by a statement of facts. From this statement it appears that the testimony is conflicting on the material issues involved. There was much testimony to sustain the defense pleaded by plaintiff in error. In the absence of written conclusions by the trial judge, we are unable to determine whether or not he found that the defenses were sustained by the evidence. He may have found that the evidence supports the plea of contributory negligence made by the plaintiff in error, and so far as we know may have concluded that the plea, though supported by evidence, constituted no defense to the plaintiff's demand. Therefore it cannot be said the failure of the judge to file conclusions of law was a harmless error.

For the reasons pointed out, the motion for rehearing is granted, and the judgment heretofore rendered by this court is set aside, and the judgment of the trial court is reversed, and the cause remanded.