Wheeler. J.
It is objected that the court gave judgment final against the plaintiff in error without at the same time making a final disposition of the case as to his co-defendant.
In support of this objection we are referred to the 47th section of the act of 1840 to regulate proceedings in the District Courts, (p. 370, sec. 47.) which provides that: “Where there are several defendants in a suit, and some of them appear and answer, and others make default, an interlocutory judgment by default may he entered against those who do not answer, and the cause may proceed against the others; but only one final judgment shall be given in the suit.”
Tiie inhibition contained in this section of more than one filial judgment in tlie suit is confined to the case stated in tho preceding part of the section. It means simply that judgment final by default shall not be taken against those who fail to answer until Che time of final judgment as to I,hose who shall have answered. Bat it does not malee the taking of judgment final against those who fail to appear essential to tho right to proceed to judgment against those who shall have answered. And it lias no reference to a nolle prosequi, discontinuance, or dismissal as to one or more defendants, but only to the final judg *71 ment which shall he entered upon the merits. The statute requires nothing more than that the final judgment by default shall be taken at the same time with the judgment upon tho verdict or trial upon the issues presented by the answer.
It is no objection to the judgment in this case that the record does not disclose any final disposition of the case as to one of the defendants. It discloses but one final judgment, which is regular as to the defendant against whom it was entered; and the question respecting its effect upon the plaintiff’s right have judgment against the other defendant cannot arise until the plaintiff shall have asked such further judgment. It will then be time to urge the objection that but one final judgment can be given in the ease, and to consider the question whether the case be within the prohibition.
There does not appear any error in the judgment. But if it were otherwise, it could not he taken advantage of by this plaintiff in error, who made a formal confession of judgment. The case as to this party is placed beyond question by the 117th section of the same act, (p. 393,) which declares that “every judgment by confession, duly made, shall operate as a release of all errors in the record thereof.”
Judgment affirmed.