HAMP WILSON v. J. E. SMITH ET AL.

Delivered November 18, 1897.

1. **Judgment—Setting Aside—Exchange of Benches—Judge Not Disqualified.**

A judgment rendered by the judge of another district, on an exchange of benches, in an action which the judge of the district was not disqualified from trying, will not be set aside merely because it was the general understanding of the bar that only such cases would be tried by the former judge as the latter was disqualified from trying.

2. **Same—Same—Ill Health of Counsel—Presence in Court.**

A judgment will not be set aside because of the ill health of counsel for one of the parties at the time the judgment was rendered, where he announced ready for trial and participated therein and argued the case before the judge.

3. **Same—Same—Exchange of Benches—Advice of Counsel.**

A judgment rendered by the judge of another district, on an exchange of benches, will not be set aside at the instance of one of the parties because he was advised by his counsel that the case would not be tried by such judge.

4. **Same—Finality—Party Dying Before Judgment.**

A judgment will not be deprived of its character as a final judgment merely because of the omission of an order of dismissal as to a party who died before the judgment was rendered.

APPEAL from Houston. Tried below before Hon. J. R. BURNETT.

*Nunn & Nunn*, for appellant.—It is not competent for a court to reopen a case and retry the same after it has been once tried before a competent tribunal, except upon fraud, mistake, or wrong of the other party, unmixed by any fault or neglect of the complainant or his attorney. The fact that injustice may have been done is not sufficient. Nevins v. McKee, 61 Texas, 416; Freeman v. Miller, 53 Texas, 377.

*Adams & Adams*, for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—The appellant, H. Wilson, was engaged in 1892, in the town of Crockett, in the warehouse, receiving and forwarding business. The warehouse was the property of his sisters-in-law, the Misses Breitling, and they allowed appellant one-third of the profits for conducting the business.

Appellee J. E. Smith was the public weigher of said town, and he sought and obtained, in 1892, an injunction enjoining and restraining appellant from weighing cotton, unless requested in writing by the owners of the cotton to do so. Appellant answered by exceptions, and pleaded damages in reconvention against plaintiff and his sureties upon the injunction bond. Upon the final hearing of the cause, the exceptions were sustained and the injunction dissolved.

At the fall term, 1894, the appellee Smith, without the knowledge of appellant, dismissed the suit, including appellant's plea in reconvention, but at same term of court appellant obtained an order of the court rein-

stating this cause upon the docket, and said cause was continued from time to time, until April 10, 1896, when both plaintiff and defendants having answered ready by their counsel, the cause was tried by the judge presiding, without the intervention of a jury, and judgment rendered for $300 damages for plaintiff, the appellant here, against the appellee Smith and his coappellees who, with one S. D. Thompson, were the sureties of Smith upon his injunction bond. The surety S. D. Thompson was dead at the time of the judgment, but there does not appear in the record any suggestion of his death or any order dismissing the suit as to him.

Afterwards execution was duly issued upon this judgment, and on the 1st of June, 1896, the appellees filed suit praying that the execution be restrained, and that said judgment be vacated, and that they be allowed to appear and defend the suit of the said Wilson for damages against them, and for cause for granting the writ and reopening said cause. Their petition alleges that it was generally understood and agreed that Judge Brashear, who was presiding by exchange with the judge for that district, would try only such causes as the judge for the district was disqualified from trying, and that said judge was not disqualified from trying the suit in which the judgment complained of was rendered; that the plaintiff in said suit, the said Wilson, called up the case and obtained the judgment in the absence of complainants, without the knowledge of any of them, and that they were not represented by counsel; that they had no expectation that the cause would be tried by Judge Brashear; that no judgment was rendered against S. D. Thompson, who was cosurety on the injunction bond, and codefendant in said suit, and no disposition was made of him prior to the trial of the cause, and that said judgment is therefore not a final judgment, and that complainants can not appeal therefrom; that complainants, the sureties of the said Smith, were not cited to appear and answer the motion of the plaintiff Wilson to reinstate his suit in reconvention; that complainants were notified that said suit had been dismissed, and had no knowledge of its reinstatement upon the docket of the court; that the injunction bond upon which they were sureties was payable to H. Wilson, and not to Carl Wilson, against whom the writ of injunction was issued, and there was nothing in the pleadings averring or showing that Carl Wilson and H. Wilson were one and the same man; that said H. Wilson had no interest in the business which he was conducting; that he was simply an agent for others; that in truth and in fact neither Wilson nor his business was injured by the suing out of said injunction against him by their principal, the said Smith; that Wilson had no claim, legal or equitable, against complainants, and that they had a complete and meritorious defense to said suit; that said Wilson is insolvent, and that complainants will sustain irreparable injury unless the execution of said judgment be enjoined, and the same be reopened, and complainants be allowed to appear and defend the suit.

To their petition complainants filed exhibits as follows: (1) Original injunction; (2) original injunction bond; (3) execution on judgment rendered April 10, 1896, giving judgment against them for $300; (4) petition

for original injunction; (5) answer of defendant Wilson; (6) affidavit of complainant Smith that he was sick at the time of trial and when judgment was rendered on the plea in reconvention, and that he thought the case was off the docket; (7) affidavit of W. A. Stewart, the attorney who represented plaintiff in the original suit, to the effect that he was unwell when the cause was called for trial; that he was present and participated in the trial of said cause, and represented the complainants; that the judge held up the cause after argument, and that he was taken sick, or became worse, and was unable to appear in court afterwards during the time Judge Brashear presided, and was unable to look after the case, and did not know what had become of it.

The defendant Wilson filed exceptions and answers as follows: "(1) No reason shown why Judge Brashear should not or could not try the case; (2) allegation that petition was against Carl Wilson, and injunction against Hamp Wilson was insufficient; (3) allegation that S. D. Thompson was a surety on said bond, and no judgment against him is sufficient; (4) allegation that complainants did not have citation or notice is insufficient; (5) allegation that the attorney was sick, and that the judge, after hearing the cause, took same under consideration and rendered judgment thereafter, is not material; (6) the allegations as to sustaining exceptions to plaintiffs petition in original suit, and the dismissal and reinstatement of the cause on the docket, are insufficient; (7) allegation that Wilson was only an agent weighing cotton, and had no personal interest, is insufficient; and defendant answered to the effect that, while suit No. 3737 (the original suit) was against Carl Wilson, as stated in the petition, the complainant therein, on December 20th, filed a supplemental petition alleging that his name was Hamp Wilson, and sued out writ against Hamp Wilson restraining him, etc.; that on March 12, 1894, this defendant filed his plea in reconvention claiming damages to the amount of $1000 against the said Smith and his sureties; that defendant urged trial repeatedly until the spring term, 1896, when plaintiff's attorney and defendant's attorney were in court and announced ready for trial before Judge Brashear, and said trial regularly proceeded, resulting in judgment for this defendant for $300; that S. D. Thompson, one of the sureties on the original injunction bond, had died prior to the trial of said cause, and no judgment was taken against him, and no injury resulted to complainants therefrom, but if it is deemed necessary that order dismissing as to Thompson, then his death is suggested, and an order asked nunc pro tunc; that if Smith and his attorney were sick at the time of trial, such fact was not brought to the attention of the court; that it is not shown that a different result would or could have been reached had the trial occurred under other circumstances; and that the grounds of injunction are frivolous, and that injunction is only for delay."

Upon filing of the foregoing exceptions and answer by the defendant, the complainant filed a trial amendment in which, in addition to allegations in original petition, they aver that complainant Smith was sick in bed at the time the judgment of April 10, 1896, was rendered, and was

unable to attend court; that he had been informed by his counsel, Stewart, that no case would be tried by Judge Brashear except such as Judge Burnett, the judge for the district, was disqualified to try; that Smith was an important witness for the defense of the suit, and would have attended the trial and testified had his condition permitted him, if he had known or believed that the case would be tried by Judge Brashear; that he told his attorney, Stewart, that he could prove important facts, but did not inform him what the facts were; that neither Smith nor other complainants had any knowledge of the trial, or the judgment had and rendered against them, until execution was placed in the hands of the sheriff; that several of them were informed by Stewart that the case had been finally disposed of, and that they had no knowledge that it was reinstated on the docket, and that Stewart told Smith that he was not present when the judgment was announced by Judge Brashear, that he was too sick to appear in court, and that he did not believe judgment would be rendered in his absence; that their cosurety Thompson was made defendant to this suit with them; that he and they made common defense, and that plaintiff should not be permitted to dismiss as to him; that his estate, if he be dead, is solvent, and if complainants are required to pay the judgment against them, they are entitled to have contribution from said Thompson, if he be living, and, if he be dead, from his estate, and to allow an order dismissing him to be entered nunc pro tunc would deprive them of their rightful remedy against him, if they are held liable for said judgment.

To this trial amendment appellant excepted generally, and specially to every allegation charging the sufficiency of each one to authorize the court to vacate the judgment and retry the cause, and he further excepted because the plea was not sworn to. And by way of replication to said petition, appellant specially averred that neither himself nor his counsel had by word or act given complainants, or any one of them, cause to believe that his suit would not be tried before Judge Brashear, and he further alleged that his suit was never dismissed by his knowledge or consent, or that of his counsel; and that said cause could not be legally dismissed by complainant Smith, and that said cause was reinstated upon the docket at the same term at which it was dismissed by the plaintiff in said suit; that so soon as appellant's counsel knew that his plea of reconvention had been dismissed, he moved the court to reinstate same in court; and he further averred that he had been urging trial of his suit at every term of the court since it was instituted, but that his efforts to bring the case to trial had been defeated by the plaintiff Smith and his counsel, and that when the cause was called by Judge Brashear, counsel for the plaintiff Smith announced ready, and jury was waived, and the cause was tried by Judge Brashear; and that, after hearing the evidence and argument by counsel for appellant, and counsel for plaintiff and his sureties, the judge took the case under advisement, and rendered judgment for appellant on the next day, when neither appellant's counsel nor counsel for Smith and his sureties were in the court. Appellants further alleged

that S. D. Thompson was dead when the said cause was tried and the judgment rendered against appellees.

The exceptions to the original and amended petitions were all overruled, and appellant excepted, and the judgment rendered on the 10th of April, 1896, for appellant against complainants was set aside, and S. D. Thompson was dismissed from the suit, and it was adjudged that appellant take nothing by his plea of reconvention, and that the plaintiff in said suit, J. E. Smith, and his sureties upon the injunction bond, appellees here, recover all costs incurred in this suit since the service of the writ of injunction upon the defendant, H. Wilson. To which judgment Wilson gave notice of appeal to this court.

The first question which presents itself for our determination is, was the order of the court below, vacating the judgment rendered on the 10th of April, 1896, for the defendant Wilson, upon his plea in reconvention, and reopening the case for trial, authorized under the pleadings and facts disclosed by the record before us? If this question be answered in the negative, the vacating order itself, and all the subsequent proceedings of the court in that cause, must be set aside and held for naught, and the suit of the appellees be dismissed at their cost, and thus leave in full force and effect the judgment rendered by Judge Brashear for appellant against appellees, in cause No. 3737, on the 10th of April, 1896.

Judge Brashear, as has been stated, had exchanged seats with Judge Burnett, the judge of the district of which Houston County is a part, Judge Brashear being judge for the district composed of the county of Harris. The object of the exchange was to have cases on the Houston County docket, in which the judge for that district was disqualified, tried. But that Judge Brashear had authority to try any case on the Houston County docket, other than those in which Judge Burnett was disqualified, is a proposition which we apprehend none will question.

That cause No 3737 was called by the judge, and that the parties plaintiff and defendant appeared by their representative counsel and announced ready for trial, and that a jury was waived, and the trial proceeded regularly, evidence adduced, and the cause argued by counsel both for the plaintiff and the defendant, and that the judge, after the argument had closed, directed defendant to produce his book of accounts into court, and held his judgment in abeyance until the morning of the next day, and in the morning the judge examined the books of defendant, in the absence of counsel both for plaintiff and defendant, and fixed the amount of damages to which defendant, in the judgment of the court, was entitled, and rendered judgment accordingly, are all facts conceded, and are all stated in the conclusions of fact filed by the judge who tried this cause and rendered the judgment from which this appeal is made.

It is the well settled law of this State that, to entitle a party to a new trial, after the adjournment of the court, he must be able to show that he was prevented from making a valid defense to the action in which the judgment has been rendered against him, by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part. Plum-

mer v. Power, 29 Texas, 7; Burnley v. Rice, 21 Texas, 171; Vardeman v. Edwards, 21 Texas, 737.

It is not charged that there was fraud or misconduct on the part of the defendant or his counsel in bringing on the trial and obtaining the judgment for defendant under his plea in reconvention. Had there been such charge, there is no evidence in the record, that we have discovered, that would support it. It is said in the pleadings on the part of appellees, and this is repeated in the findings of the court, that there was an understanding on the part of the judge of the district and the bar of Crockett that only such cases would be tried by Judge Brashear as the judge of the district was disqualified from trying. Such may have been the understanding generally, but unless there is evidence to connect counsel of appellant with such understanding, and that thereby plaintiff Smith and his bondsmen were misled to their injury, such understanding could afford no ground for setting aside the judgment.

There is also something said in the findings of the judge about the ill health of the counsel who represented the appellees. But the fact remains that he did appear in court, that he announced ready for trial, and that he participated in the trial and argued the cause before the judge. In the absence of anything to the contrary, this court must presume that the attorney who represented appellees knew his duty to his clients, and that he faithfully discharged that duty, and if the evidence showed otherwise, still the plaintiff would not be entitled on that ground to have the judgment set aside and the case reopened; nor would the fact that appellees were advised by their counsel that the case would not be tried by Judge Brashear. The mistake or ignorance of a party's counsel will not relieve him from a judgment rendered against him. Vardeman v. Edwards, supra.

It would be a dangerous doctrine, indeed, to hold that a party who is absent when his cause is tried may, at the next term of the court, have the judgment against him vacated and the case reopened, upon the ground that his counsel was ignorant of the law or the facts of the case, or, as appears in this case, from the affidavit of appellee Smith, that the client had neglected to inform his counsel of evidence material to his defense.

The judge's conclusions of law embrace several propositions, only two of which need be considered in deciding the question we have been discussing; and one of these propositions we have, we think, shown to be erroneous, in what we have said touching the grounds on which the application for vacating the judgment is based in the pleadings of the appellees. The proposition we here refer to is presented in the second of the judge's conclusions of law, to the effect that the plaintiff has shown such a case of mistake or excusable neglect as to entitle him to have the judgment complained of vacated, and the case reopened and tried upon its merits. We will only add to what we have previously said upon the subject, that the rule which permits a judgment to be vacated, and a new

trial granted, after the expiration of the term of the court at which the judgment was rendered, in express terms declares that the applicant must himself be without fault or neglect.

The other conclusion of law which we propose to consider is, that the judgment rendered on the 10th of April, 1896, is not a final judgment. This conclusion is based upon the undisputed fact that S. D. Thompson, one of the sureties upon the injunction bond given by the plaintiff when he sued out the injunction against defendant Wilson, was a party defendant to the suit, and that the record in that case shows no suggestion of his death prior to the judgment; nor any order dismissing him for any cause from the case; and if this conclusion of the judge be correct, there was no error in enjoining the execution of the judgment, and when enjoined, it would doubtless fall within the discretion of the court whether to allow the judgment to be vacated, only to make an entry nunc pro tunc of an order of dismissal, or to reopen the case for retrial upon its merits. But while it is an admitted fact that Thompson was a party defendant, it is also an undisputed fact that he died several months, at least, before the judgment was rendered. While it is questionable whether the judgment be a final one or not, we are of the opinion that, under the decisions of our Supreme Court, it should be held to be final. In the case of Gullett v. O'Connor, 54 Texas, 408, it was held that a judgment was final which failed to make any disposition of a party defendant who had entered a disclaimer. In Burton v. Varnell, 5 Texas, 139, and in Houston v. Ward, 8 Texas, 124, the judgments were held final, though no disposition, so far as disclosed by the minutes, was made of parties defendant who had not been cited. In Allston v. Emerson, 83 Texas, 231, in which a decree of partition of land failed to mention one of the parties shown in the pleadings to have an interest in the land, it was held that, to support the judgment, it might be presumed that some reason was shown in the proceedings for the omission of the decree. So it may be presumed, we think, that the death of Thompson was shown at the trial, and therefore no judgment was rendered against him. The omission of an order of dismissal as to a party not served, or of party who has died pending the litigation, is a mere formal defect, which does not injure the parties actually litigant, and they should not be permitted to object to the judgment for such defect. Such judgments are assuredly not void, and not being void, their execution can not be restrained for mere formal defect.

The order of the court made in this cause, vacating the judgment rendered in cause No. 3737, on the 10th of April, 1896, was erroneous, and being so, it and all judicial proceedings had in said cause No. 3737, since said date, are set aside and held for naught, and the judgment rendered for appellant in said cause on the 10th of April, 1896, is declared to be unaffected by said proceedings; and it is further adjudged and ordered that appellees' suit be dismissed, and that appellant recover his costs in this and the court below.

*Reversed and dismissed.*

Writ of error dismissed.