G. H. PORTER ET AL. v. PECOS & NORTHERN TEXAS RAILWAY CO. ET AL.

Decided June 19, 1909.

**Judgment—Failure to Dispose of Parties—Presumption.**

When a suit is against several defendants and there is nothing in the record on appeal to show that two of the defendants were either served with citation or filed an answer in the trial court, a motion to dismiss the appeal, on the ground that the judgment of the trial court failed to dispose of said two defendants and was therefore not a final judgment, will be overruled. The Appellate Court will indulge the presumption that the suit was dismissed as to said defendants although there was no judgment entry to that effect.

Error from the District Court of Deaf Smith County. Tried below before Hon. J. N. Browning.

*S. J. Dodson,* for plaintiff in error.

*Andrews, Ball & Streetman* and *J. L. Lockett,* for defendant in error, the "Frisco;" *Terry, Cavin & Mills, Madden, Trulove & Kimbrough* and *Carl Gilliland,* for defendant, Pecos & Northern Texas Ry. Co.; *Spoonts, Thompson & Barwise, Turner & Boyce & J. M. Chambers,* for defendant, Ft. Worth & D. C.

CONNER, CHIEF JUSTICE.—This suit was instituted in the District Court of Deaf Smith County by plaintiffs in error, G. H. Porter, B. M. Porter and L. Cameron, against the St. Louis & San Francisco Railway Company, the St. Louis & San Francisco & Texas Railway Company and the defendants in error, the Fort Worth & Denver City Railway Company and the Pecos & Northern Texas Railway Company, to recover, among other things, the alleged value of a carload of immigrant movables shipped from Fletcher, in Oklahoma, to Bovina, Texas. The trial court sustained general and special exceptions presented by defendants in error to plaintiffs in error's second amended original petition and, they having declined to fur-

ther amend, the suit was dismissed, to which action of the court exception was duly taken and an appeal perfected. No transcript on appeal, however, was ever filed in this court, but this writ of error was later prosecuted.

As preliminary to a determination of the merits, defendants in error suggest that the appeal should be dismissed on the ground, among other things, that there is no final judgment, in that the judgment fails to dispose of the St. Louis & San Francisco Railway Company and the St. Louis, San Francisco & Texas Railway Company. It is true that no mention is made of these railway companies in the judgment, but the suggestion is accompanied with the statement that "there is nothing in the record to show that the 'Frisco' was ever served or answered; and in fact there was neither service nor answer by that company." If so, and it is certainly true that there is nothing in the record showing that the "Frisco" railway companies were ever served or answered, we may indulge the presumption that the suit as to these companies was dismissed, notwithstanding there is no judgment entry of the dismissal. See Burton v. Varnell, 5 Texas, 139; Houston v. Ward, 8 Texas, 124. We can not say, therefore, that at the time of the entry of the judgment from which the writ of error has been prosecuted the "Frisco" railway companies were before the court. If not, no necessity existed for a further adjudication as to them, so that on the whole we are unable to say that the judgment we are called upon to review in this case is not a final judgment.

The case on the merits seems to have been disposed of on the theory that the District Court was without power to hear the controversy in that it related to the question of rates, over which the Interstate Commerce Commission or the courts of the United States alone had jurisdiction. At least, plaintiffs in error so present their case and defendants in error here so defend the action of the trial court, but while the answer of defendants in error presents this defense, it is not presented on the face of plaintiffs in error's amended petition to which the demurrers were addressed. On the face of the petition, which can alone be considered in determining whether the court properly sustained demurrers thereto, the allegations in substance are to the effect that plaintiffs in error were the owners of and desired to ship from Fletcher, Oklahoma, to Bovina, Texas, certain immigrant movables, consisting of live stock, household goods, etc., in a carload lot, and that "the defendants agreed to carry said outfit from one of said points to the other for thirty-seven cents per hundred pounds." The petition further alleged, among other things, that the property specified had been carried from Fletcher, Oklahoma, to Quanah, Texas, by the "Frisco" roads, and by the Fort Worth & Denver City Railway Company, one of the defendants in error, from Quanah to Amarillo, and by the other defendant in error, the Pecos & Northern Texas Railway Company, from Amarillo to Bovina, but that after the arrival of the goods at Bovina the latter named railway company refused to deliver the goods, notwithstanding the prepayment of the agreed rate of thirty-seven cents per hundred pounds and the offer to pay for the excess in the carload lot at the

same rate as had been agreed upon. It was further charged that the goods were of the value of twenty-five hundred dollars, and that the defendant in error, the Pecos & Northern Texas Railway Company, had converted the goods, for which plaintiffs in error, among other things, sought to recover. Regardless of other unnecessary allegations, this presented a plain case of conversion, there being nothing on the face of the petition showing that the rate of thirty-seven cents per hundred pounds agreed upon was not a lawful rate or not in accordance with the schedule of rates filed with the Interstate Commerce Commission, if indeed any such schedule was ever filed. We do not understand that the Act of the United States Congress of June 29, 1906, amending previous Acts deprives the courts of Texas of jurisdiction over causes of action such as presented on the face of the amended petition held insufficient. See Missouri, K. & T. Ry. Co. of Texas v. Carpenter, 52 Texas Civ. App., 585; Galveston, H. & S. A. Ry. Co. v. Piper Co., 52 Texas Civ. App., 568; International & G. N. Ry. Co. v. Wilbourne, 115 S. W., 111.

We conclude that the court erred in his ruling and that the judgment must be reversed and the cause remanded.

*Reversed and remanded.*