FREEMAN v. MILLER.

(Court of Civil Appeals of Texas. San Antonio. Oct. 22, 1913.)

1. APPEAL AND ERROR (§ 512*)—RECORD—JURISDICTION OF LOWER COURT—NECESSITY OF SHOWING.

Where there is no copy of the transcript from the justice's court in the record, or of the appeal bond filed in that court, the record of the Court of Civil Appeals does not show jurisdiction in the county court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2326; Dec. Dig. § 512.*]

2. APPEAL AND ERROR (§ 79*)—JUDGMENTS APPEALABLE—FINAL JUDGMENTS.

Where a verdict was rendered for several railroads, who were defendants, together with a receiver, the judgment, which failed to provide that plaintiff take nothing against such railroad defendants, was not final, so as to give the Court of Civil Appeals jurisdiction of an appeal therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 277; Dec. Dig. § 79.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by M. Miller against T. J. Freeman, receiver of the International & Great Northern Railroad Company, and others. From a judgment for plaintiff, defendant receiver appeals. Appeal dismissed.

Wilson, Dabney & King and J. W. Lewis, all of Houston, for appellant. George L. Teat and J. E. Melton, both of Houston, for appellee.

MOURSUND, J. [1] We are informed by appellant in his brief that this case was instituted in the justice's court of Harris county by appellee against the International & Great Northern Railroad Company, Thos. J. Freeman, receiver thereof, the Texas & Pacific Railroad Company, Mobile & Ohio Railroad Company, and the St. Louis, Iron Mountain & Southern Railroad Company, for $199.60, alleged to be due for damages caused to certain household goods shipped from Tupelo, Miss., to Houston, Tex.; that the defendants Texas & Pacific Railroad Company, St. Louis, Iron Mountain & Southern Railroad Company, and T. J. Freeman, receiver, filed certain answers in the justice's court, and that judgment was rendered in favor of plaintiff for the full amount sued for, from which Freeman, receiver, appealed to the county court. No copy of the transcript from the justice's court appears in the record, nor any copy of the appeal bond filed in justice's court. The record, therefore, fails to show jurisdiction in the county court. Wells v. Driskell (Sup.) 145 S. W.

333; Powell v. Hill, 152 S. W. 181. The record may be amended to cure such defect in the manner pointed out in said case of Wells v. Driskell.

The Mobile & Ohio Railroad Company has not been disposed of so far as is shown by the record. The transcript shows neither citation served upon said defendant, nor answer by it, and if the transcript from the justice's court was copied in the record and also failed to show service, the judgment, according to some of our decisions, could not be objected to for failing to dispose of said party. Moody v. Smoot, 78 Tex. 119, 14 S. W. 285; Varrus v. Faulkner, 138 S. W. 789; Porter v. Railway Company, 56 Tex. Civ. App. 479, 121 S. W. 897; Wilson v. Smith, 17 Tex. Civ. App. 194, 43 S. W. 1086. There are, however, cases holding the contrary.

[2] It also appears that while a verdict was returned in favor of the Texas & Pacific Railroad and the St. Louis, Iron Mountain & Southern Railroad, and the return of such verdict is recited in the judgment, yet the court failed to enter judgment that plaintiff take nothing against said defendants, and they remain undisposed of. The judgment is therefore not final, and this court has no jurisdiction of the appeal. Texas Land & Loan Co. v. Winter, 93 Tex. 560, 57 S. W. 39; Traction Co. v. McMurray, 140 S. W. 478.

The appeal is dismissed.