## WESTERN UNION TELEGRAPH CO. v. BECK AUTO CO.   (No. 6941.)

(Court of Civil Appeals of Texas.   San Antonio.   April 25, 1923.   Rehearing Denied May 16, 1923.)

Appeal and error ⬅1071(1)—Reversal not ordered for mere technical error of judge in not filing findings and conclusions within required time.

A judgment will not be reversed on the technical error of the county judge in failing to file his conclusions of law and fact within 10 days from the adjournment of the term at which the cause was tried, where such findings were filed within 12 days after adjournment, and no injury could have resulted from the delay.

Appeal from Tarrant County Court for Civil Cases; W. P. Walker, Judge.

Action by the Beck Auto Company against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Thompson, Barwise, Wharton & Hiner, Fred L. Wallace, and Arthur Collins, all of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton and J. O. Hyer, all of Fort Worth, for appellee.

FLY, C. J. Appellee sued for damages alleged to have accrued through the negligence of appellant in transmitting a message from Fort Worth, Tex., to Breckenridge, Tex. It was alleged and proved that appellee was in the automobile business in Forth Worth and had an agent, G. R. Elliott, at Breckenridge, and the latter was engaged in effecting a sale of a Paige automobile to Dr. C. N. Rathburn. He informed appellee that it was possible that he might get $200 cash and Dr. Rathburn's Chevrolet car in exchange for the Paige, and requested his principal to examine the doctor's car which was in a garage in Fort Worth. The car, a roadster, was examined, and the following message was delivered by appellee to appellant for transmission to Elliott:

"Roadster needs cylinder block, trade four hundred difference; otherwise bring Paige back."

When the message was delivered it read:

"Roadster needs cylinder block trade for hundred difference otherwise bring Paige back."

The agent traded for the roadster and $200, and appellee sued for damages. The court rendered judgment for $190 in favor of appellee; the costs of the county court being assessed against him for the reason that the judgment in the county court was less by $10 than it was in the justice's court, where the suit originated.

[1] There is no contention through the three assignments of error that the appellant was not guilty of negligence in changing the word "four" into "for," nor that such negligence did not damage appellee, in at least the sum found by the court, but payment is sought to be defeated or delayed by obtaining a reversal on the ground of the grievous error of the county judge in failing to file his conclusions of law and fact within ten days from the adjournment of the term of court at which the cause was tried. A full statement of facts accompanies the record in this case, and it is sought to reverse the judgment herein because the findings of fact and conclusions of law were filed by the trial judge within 12 days instead of within 10 days. There was no controversy as to any material fact in the case. Appellant received a message reading a certain way and in some way, not explained, delivered a message materially different from that of the message delivered to it for transmission. What the county judge may have found as to the facts could not have changed the position of appellant for better or for worse, and no possible injury could have resulted from the failure to file the findings of fact and conclusions of law in 10 days. To reverse a judgment upon such a naked, bare technicality would be unwarranted and inexcusable. There was no statement of facts in the case of Wandry v. Williams, 103 Tex. 91, 124 S. W. 85, which is cited by appellant, and no findings of fact or conclusions of law. All of these were filed in this case. In that case appellant might possibly have been injured by a failure to file the findings of fact, no such possibility exists in this case.

In the cited case of Mueller v. Spencer (Tex. Civ. App.) 225 S. W. 223, the statement of facts showed a conflict of facts, and a failure to file the conclusions of the judge might have injured appellant. In the Mueller v. Spencer Case, the court held that a reversal would not follow a failure to file conclusions if the record shows no harm resulted therefrom to appellant. The law on the subject has been properly restated recently in the cases of Riley v. Austin (Tex. Com. App.) 245 S. W. 907, and Insurance Co. v. Whisenant (Tex. Civ. App.) 245 S. W. 963.

The judgment is affirmed.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes