## MATHIS v. OVERLAND AUTOMOBILE CO. OF DALLAS. (No. 102.)

(Court of Civil Appeals of Texas. Waco. Oct. 30, 1924.)

**1. Continuance ⬥23—Properly denied for absence of witnesses whose testimony was irrelevant and immaterial.**

Court did not abuse its discretion in denying defendant's application for continuance for absence of witnesses, where their testimony would have been irrelevant and immaterial, and nothing appeared in record to show whether witnesses did appear and testify during trial.

**2. Judgment ⬥194—Held to dispose of cross-action and to adjudicate all matters involved in litigation.**

In action to recover on note and foreclose mortgage lien on automobile, in which defendant admitted plaintiff's cause of action and by cross-action pleaded certain items of expense claimed to have been caused by reason of car being defective, judgment, that plaintiff recover full amount of its claim, in effect disposed of cross-action and adjudicated all matters involved in litigation.

**3. Appeal and error ⬥907(3) — Contention that jury's verdict not supported by testimony not considered in absence of statement of facts.**

Contention that jury's verdict was not supported by testimony could not be considered on appeal, where there was no statement of facts in the record, for, in absence thereof, judgment is presumed to have been supported by testimony.

Appeal from Dallas County Court; Frank G. Harmon, Judge.

Action by the Overland Automobile Company of Dallas against W. L. Mathis, in which defendant filed cross-action. Judgment for plaintiff, and defendant appeals. Affirmed.

Clark & Clark and Pope & Young, all of Dallas, for appellant.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellee.

BARCUS, J. Appellee filed suit against appellant to recover on a note for $200 and to foreclose a mortgage lien against an automobile which it had sold appellee, alleging the value of the automobile at $500. Appellant answered, admitting the execution of the note and mortgage, and by way of cross-action alleged that the automobile at the time he purchased same was secondhand, that appellee had made certain false representations to him with reference to the con-

dition of the automobile, and that it had cost him $195.41 to have said car repaired and put in condition, giving an itemized statement thereof, for which he asked judgment. The cause was submitted to a jury, the first question being:

"Did the plaintiff, its agents, servants, or employees, make any misrepresentations to the defendant as to the condition of the automobile in question and the service it would render?"

To which the jury answered, "No."

The trial court instructed the jury not to answer any other question submitted if said question was answered, "No." There was no exception made by appellant to the court's charge. There is no statement of facts in the record. The court, based on the finding of the jury and further findings of the court, rendered judgment for appellee for the amount due on the note, with a foreclosure of the mortgage lien, and for judgment against the sureties on the replevy bond; the automobile having been sequestrated by appellee and replevied by appellant. Nothing was said in the judgment with reference to the cross-action of appellant.

[1] Appellant assigns error on the court's action in overruling his motion for a continuance by reason of the absence of two witnesses. His application shows that the only thing said witnesses would have testified to was with reference to the condition of the automobile and the amount it cost to have same repaired. The jury found that there were no misrepresentations made by appellee, and said testimony would therefore have been irrelevant and immaterial. There is nothing in the record to show whether the witnesses did appear and testify during the trial, and nothing to show that the court abused its discretion in overruling the application for a continuance. Said assignment is overruled. G., H. & S. A. Ry. Co. v. Harris (Tex. Civ. App.) 211 S. W. 255; G., C. & S. F. Ry. Co. v. Brooks, 63 Tex. Civ. App. 231, 132 S. W. 95.

[2] Appellant complains of the judgment because same is not final, in that it does not dispose of his cross-action. The appellant in the trial court admitted plaintiff's cause of action, and the cross-action pleaded consisted of items of expense which appellant claimed he had been caused to spend by reason of the car being defective and not as represented when he purchased it. The jury found that there were no misrepresentations. The judgment of the court was that appellee recover the full amount of its claim, the effect of which is that appellant is denied a recovery on his cross-action. The judgment in effect disposed of the cross-action and adjudicated all matters involved in the litigation. The assignment is overruled. Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Crain v. National Life Ins. Co., 56 Tex. Civ.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

App. 406, 120 S. W. 1098; Davies v. Thomson, 92 Tex. 391, 49 S. W. 215; Hermann v. Allen, 103 Tex. 382, 128 S. W. 115; Waggoner v. Knight (Tex. Com. App.) 231 S. W. 357.

[3] Complaint is made that the verdict of the jury is not supported by the testimony. There being no statement of facts in the record, we cannot determine this, and, in the absence of a statement of facts, the judgment is presumed to have been supported by the testimony.

The judgment of the trial court is in all things affirmed.