## EMPLOYERS' CASUALTY CO. v. HARRIS. (No. 7564.)

(Court of Civil Appeals of Texas. San Antonio. May 5, 1926. Rehearing Denied May 26, 1926.)

1. *Appeal and error* ⬨1071(1)—*Trial court's failure to file findings and conclusions as requested until day after time specified by statute held not to require reversal, where appellant had same benefit thereof as if filed on time.*

Trial court's failure to file findings of fact and conclusions of law as requested by appellant until day later than specified by statute *held* not to require reversal, where findings were prepared by appellee immediately after such request, and copy given to appellant so that appellant had same benefit thereof as if filed on time.

On Motion for Rehearing.

2. *Appeal and error* ⬨938(4).

Appellate court will assume that bill of exceptions is complete statement of facts, and, if statement therein that findings and conclusions were filed by court on certain date is not correct, it is fault of appellant alone.

3. *Appeal and error* ⬨704(2)—*Appellant injured by trial court's failure to file findings within time specified by statute cannot take advantage of his failure to have findings brought in record on appeal.*

If appellant is injured by trial court's failure to file findings and conclusions within time specified by statute, he should have such findings brought in record on appeal, and cannot take advantage of his failure to do so.

4. *Insurance* ⬨181, 232—*Insurer cannot collect premium where it delivers policy for higher premium than agreed, and its refusal to correct policy is tantamount to involuntary cancellation by insured.*

Insurer delivering insurance policy for premium higher than agreed cannot enforce contract nor collect higher premium, and insured has right to return policy, and insurer's refusal to correct it is tantamount to an involuntary cancellation by insured.

Appeal from Dallas County Court at Law; Wiley A. Bell, Judge.

Action by the Employers' Casualty Company against G. D. Harris. From a judgment for plaintiff granting less relief than prayed, in the justice court, plaintiff appealed to the county court, and, from a similar judgment there, plaintiff appeals. Affirmed.

Wm. Madden Hill and Fred J. Dudley, both of Dallas, for appellant.

George Sergeant, of Dallas, for appellee.

COBBS, J. Appellant filed this suit in justice court of Dallas county against appellee, to recover $134.85, alleged to be due on a policy of insurance written for appellee but subsequently canceled by him. The suit was instituted by oral pleadings of both parties, and tried with a jury, and a judgment was rendered in favor of plaintiff for $74.91. The case was appealed to the county court and tried without a jury on oral pleading, and a judgment was again rendered for appellant in the sum of $74.91.

The right of either party to cancel is provided for in the policy itself, to wit:

"Condition H. This policy may be canceled by the company at any time by written notice to the assured, stating when the cancellation shall be effective. It may be canceled by the assured by like notice to the company. If canceled by the company, the company shall be entitled to the earned premium, pro rata, when determined. If canceled by the assured, the company shall be entitled to the earned premium, calculated at short rates, in accordance with the table printed on the back of this policy. The check of the company, or that of its agent or representative, mailed to the address of the assured as given herein, shall be sufficient tender of return premium."

The main controversy here is as to the rate and the amount due by appellee on the policy; the plaintiff contending at the time of cancellation the sum due was $134.85. The contention of appellee was that, because the premium was higher than he understood it to be, he had the right to cancel on the pro rata basis of the premium for the length of time it had been in force. To this the plaintiff replied defendant had ratified and affirmed the insurance contract by retaining the same in his possession; because plaintiff became liable under the terms of the policy of insurance, same being in his possession, such liability was a benefit to appellee, which would work an estoppel and estop the defendant from denying that any of the conditions of the policy applied as to him.

[1] The court passed upon all the questions raised and as to the amounts that would fall due appellant in respect to the rates earned. The court had all the evidence before it, pro and con. However, the appellant contends that the court erred in not filing its findings of fact and conclusions of law, because there was a conflict of evidence.

---

Garrow, MacClain & Garrow, Inc., v. Texas & N. O. R. Co. et al. (Tex. Civ. App.) 273 S. W. 277.

There was no statement of facts filed. The judgment was rendered on February 13, 1925. Immediately thereafter appellant made the demand for the court's findings, whereupon appellee at once prepared the same, giving the original to the court and supplying counsel for appellant with a copy thereof. The court, believing the time expired for filing on the 6th of April, 1925, approved and filed the same on that date, being a day later than the statute specified, and 10 days after the adjournment of the court. The findings and conclusions were therefore in the hands of the court and that of appellant for 60 days or thereabouts.

In approving the bill of exceptions, the court indorsed thereupon "that the court had calculated that the last day for the filing the findings of fact and conclusions of law April 16th."

It is very clear from the facts of this case, except technically, the appellant was deprived of no valuable right in understanding upon what theory the trial court disposed of the issues of ratification and estoppel and as to the theories or issues on which judgment was rendered against it. It is copied in the transcript without objection on the part of appellant. So appellant was fully apprised at the time of making its bill of exceptions and at the time of assigning errors on the court's findings both of fact and law, and knew precisely upon what to rely, in taking its appeal; in other words, has had the same benefit as if it had been filed on time. No prejudicial injury is shown to be done by the action of the court in not filing within the specified time. There is no such harmful error committed as will require a reversal of this case for that reason. G., H. & S. A. Ry. Co. v. Stewart (Tex. Com. App.) 257 S. W. 526.

Under the facts of this case, the court having filed its findings, it does not appear that appellant was deprived thereof or injured thereby, but it does affirmatively appear that he was not.

This case having been fairly tried and substantial justice done, the judgment is affirmed.

### On Motion for Rehearing.

[2] The appellant now complains of our statement that the court filed a statement of the findings of fact and conclusions of law in this case. What we said about the statement of facts was based upon the statement contained in the face of the bill of exceptions itself and upon the statement contained in appellee's brief, not heretofore replied to or denied by appellant. We think courts are in the habit of considering the statement of reputable attorneys in regard to a fact in the record, especially when not controverted.

In the bill of exceptions approved by the court, it is stated:

"That on the trial of said case, after the court had announced its decision, plaintiff by its attorney, Fred J. Dudley, requested the court to file its findings of fact and conclusions of law. That thereafterwards, about the 23d day of March, 1925, plaintiff, by its attorney, Fred J. Dudley, again requested the court to file its findings of fact and conclusions of law. That thereafterwards, on the 10th day of April, 1925, plaintiff's attorney, Fred J. Dudley, addressed and mailed to Hon. Wiley Bell, judge of this court, a letter, asking the said honorable judge whether or not he had as yet filed his findings of fact and conclusions of law, which letter was received by Hon. Wiley Bell, judge of this court. That this case was tried in the February term, 1925, of this court. That the February term of this court ended on the 5th of April, 1925. That the April term of this court began Monday April 6th, and said April 6th was the first day of said term. That the findings of fact and conclusions of law were filed by the court on April 16, 1925, to which action of the court, in failing to file its findings of fact and conclusions of law within the time required by statute, plaintiff here and now excepts and here and now tenders this its bill of exception No. 1, and prays that the same be examined, approved, and signed by the court, which is accordingly done on this the 9th day of May, A. D. 1925, with the following qualifications, to wit: That the court had calculated that the last day for filing the findings of fact and conclusions of law was April 16th. All the statements made in the bill of exception are true. Wiley A. Bell, Judge County Court of Dallas County, Texas. George Sergeant, Defendant's Attorney. Fred J. Dudley, Attorney for Plaintiff."

If the findings and conclusions are not in the transcript as stated by the court, that "were filed by the court on April 16, 1925," it is the fault of appellant alone, and this court will assume they contain a full and complete statement of all the facts proven which were accepted by counsel, and there is therefore nothing in appellant's contention.

[3] A very full statement of the facts of the case was filed, and no injury is shown to have been done appellant. If so, then appellant should have brought up the findings in the record, and cannot take advantage of his own omission. On the question of the failure of the court to file a statement of facts in this case, the question is most fully and satisfactorily discussed in Railway Co. v. Stewart (Tex. Com. App.) 257 S. W. 526.

Appellant in his brief said:

"For the sake of brevity, we have grouped assignments of error 2, 3, 4, and 5, and will treat assignment No. 6 as a separate issue, stating the substance of the assignments of error so grouped as a proposition."

It was in that way we treated the assignments.

[4] The delivery of the insurance policy was for a premium higher than that agreed

upon and contracted for, and is not such a contract that can be enforced. The insured therefore in such a case has the right to return such policy when it varies from that contracted for beforehand. The insurer's refusal to correct it is tantamount to an involuntary cancellation by the insured.

The contract for the insurance was oral and entered into by competitive bidding with appellant with the knowledge of the fact that the lowest bidder would get the insurance. Appellant was the lowest bidder, for $370, approximately $100 lower than the highest bidder, and thereupon appellee was awarded the insurance. The following day a Ford coupé was added to the list with $25 premium higher, or $395; when the policy was delivered the premium was $471, or $76.58 higher than the bid. So, after the appellee had made various attempts to get it corrected and failing, he returned the policy.

The appellant was to deliver a policy of insurance upon trucks for $395, but instead delivered a different policy with a different premium of $471.58. It was the delivery of a thing variant from the one contracted for, and the appellant, after breaching his contract in respect thereto, cannot collect the amount of premium demanded.

We have considered and passed on all appellant's assignments and grounds set up in the motion for a rehearing, and find nothing presented that has not heretofore been considered and passed upon, and the motion is overruled.