## RUSSELL v. LEHMAN et al.　(No. 2892.)*

Court of Civil Appeals of Texas. Amarillo.
Oct. 26, 1927.

Rehearing Denied Nov. 30, 1927.

Appeal and error ⬅1071(1)—Trial court cannot be put in error for failure to file fact findings and conclusions, where appellant does not show prejudice (Vernon's Ann. Civ. St. 1925, arts. 2208, 2247).

Trial court cannot be put in error for failure after seasonable request to file his findings of fact and conclusions of law within time prescribed by Vernon's Ann. Civ. St. 1925, arts. 2208, 2247, where there is no showing of prejudice to appellant's rights.

Appeal from Wichita County Court; C. M. McFarland, Judge.

Action between C. E. Russell and J. W. Lehman and others. From a judgment for the latter, the former appeals. Affirmed.

Mathis & Caldwell, of Wichita Falls, for appellant.

C. K. Walsh, of Wichita Falls, and Wm. R. Watkins, of Fort Worth, for appellees.

RANDOLPH, J. This cause was originally pending on appeal without a statement of facts. On motion of appellees, they were permitted to file a statement of facts which had been duly prepared and filed in the trial court. The case is therefore submitted upon transcript, statement of facts, and briefs for both parties.

The appellant seeks a reversal of the trial court's judgment solely upon the proposition that, after request seasonably made, the trial court failed to file his findings of fact and conclusions of law in that court within the time prescribed by the statute. Vernon's Ann. Civ. St. 1925, arts. 2208, 2247.

In presenting this ground for a reversal, the appellant advances no ground of injury or prejudice, but simply contends that as the court did not file such findings and conclusions within the statutory period, the findings and conclusions which he did file at a later period cannot be considered by this court, and that the judgment must be reversed.

We do not understand that the statutes require such action on our part, in the absence of some showing of injury to appellant, on such failure of the court to file his findings and conclusions in time.

The appellant does not assign any error committed by the trial court in the trial of the case which he has been prevented from properly presenting to this court, but stands upon his right to a reversal by reason of the failure of the court to file findings and conclusions. This contention, if granted, would result in a reversal of every case where there had been such failure on the part of the trial court, without reference to the fact that such case was properly tried and a legal judgment rendered in the lower court. We cannot approve such contention. There must be some showing of prejudice to appellant's rights, some injury inflicted on him. Barfield v. Emery, 107 Tex. 306, 177 S. W. 952; Riley v. Austin, 112 Tex. 216, 245 S. W. 907.

There being a statement of facts on file in this cause, and the appellant having failed to point out any error of the court in the trial of the case, and our investigation of the record leading us to the conclusion that the judgment was properly rendered, we refuse to reverse the trial court's judgment. Employers' Casualty Co. v. Harris (Tex. Civ. App.) 284 S. W. 634; Childress v. Wolf (Tex. Civ. App.) 273 S. W. 275; George v. Dupignac (Tex. Civ. App.) 273 S. W. 934; Voelkel v. Bank (Tex. Civ. App.) 296 S. W. 970.

Such statement of facts being on file in this cause, which presents effectually a basis for the filing of assignments of error, and no errors being assigned other than the one herein discussed, we can see no reason why this case should be reversed, and hence affirm the judgment of the trial court.