**HUMBLE OIL & REFINING CO. v. JOHNSTON et al.   (No. 582.)**

Court of Civil Appeals of Texas.   Waco.
March 1, 1928.

Rehearing Denied April 26, 1928.

1. Assignments ⊜⟹30, 50(1)—Assignment of portion of a chose in action may be made either by direct transfer or by order drawn upon particular fund.

An assignment of a portion of a chose in action for valuable consideration is good in equity, and it may be made either by direct transfer or by an order drawn on the particular fund.

2. Assignments ⊜⟹58—Acceptance in writing by debtor is not required.

In case of equitable assignment of portion of a chose in action by direct transfer or order drawn on the particular fund, it is not necessary for one holding fund to accept assignment in writing in order to bind it.

3. Trial ⊜⟹403—Findings and conclusions not filed in time cannot be considered on appeal.

Where findings of fact and conclusions of law have not been filed in time, Court of Civil Appeals cannot consider them.

4. Appeal and error ⊜⟹1071(1)—Failure to timely·file findings of fact and conclusions of law held not fundamental error, requiring reversal, where appellant suffered no injury by reason thereof.

Failure of trial court to file findings of fact and conclusions of law in time required by law *held* not fundamental error, requiring reversal, where appellant has not shown any injury by reason of such failure, complete findings and conclusions were filed in appellate court, and case was fairly tried and correctly disposed of.

5. Appeal and error ⊜⟹1071(1)—Failure to file separate findings of fact is not reversible error, where findings are embraced in judgment.

Where findings of fact are embraced in judgment of trial court, it is not reversible error for trial court to fail to file separate findings of fact.

On Motion for Rehearing.

6. Appeal and error ⊜⟹223, 719(8)—Failure to dispose of defendant's cross-action against codefendants held not fundamental error, were not objected to or assigned as error by defendant, and no injury to defendant was shown.

Failure of trial court to dispose of defendant's cross-action against codefendants *held* not fundamental error apparent of record, where defendant obtained no service against codefendants, and none of them filed answers, defendant did not object nor assign error to action of trial court dismissing case against codefendants, but appealed from judgment of court as final judgment, and no injury thereby to defendant is shown.

Error from Navarro County Court; Warren Hicks, Judge.

Action by J. W. Johnston against the Humble Oil & Refining Company and others, wherein named defendant filed a cross-action against remaining defendants. Judgment for plaintiff, and named defendant brings error. Affirmed.

R. E. Seagler, of Houston, and H. B. Daviss, of Corsicana, for plaintiff in error.

R. M. Tilley, of Austin, and J. S. Simkins, of Corsicana, for defendants in error.

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BARCUS, J. Appellee J. W. Johnston filed this suit against appellant, Humble Oil & Refining Company, and against E. W. Jarman, W. C. Guyler, L. A. Smith, H. H. Groneman, and C. A. Groneman, to recover $308 which appellee Johnston alleged was due him by the partnership of Jarman, Smith & Guyler as a commission which he had earned· in the sale of certain mineral estates belonging to them to appellant, Humble Oil & Refining Company. He alleged that appellant had purchased from said Jarman, Smith & Guyler certain mineral estates for $3,080; that he was entitled to a 10 per cent. commission thereon, and that said ·parties had given him a written order on appellant for said amount, and had thereby transferred to him the sum of $308 of the purchase price, which appellant was to, and had promised to, pay said owners for said mineral estates. Appellee Johnston further alleges that, after he had obtained said order and assignment, he filed the same with appellant, and that thereafter appellant, in disregard of said transfer, assignment, and order, paid all of said funds to H..H. and C. A. Groneman. E. W. Jarman filed a waiver of service, and the Humble Oil & Refining Company filed answer. Appellee Johnston dismissed as to all defendants except appellant and E. W. Jarman, alleging as the reason therefor that all of them were nonresidents of Texas, and were notoriously insolvent. Appellant in an amended answer asked by way of cross-action, in event judgment was rendered against it, for judgment over against Jarman, Smith & Guyler and H. H. and C. A. Groneman, on the allegation that it had paid all the purchase money for said mineral estate to H. H. and C. A. Groneman on the order of Jarman Smith & Guyler. No service, however, was obtained by appellant on its cross-action. The cause was tried to the court, and resulted in judgment being entered for appellee Johnston against appellant and E. W. Jarman, jointly and severally, for the sum of $308.

Appellant alone appeals, and by its first three propositions contends that the trial court committed fundamental error in failing and refusing to render judgment for it over against its codefendants on its cross-action. All these assignments are overruled, for the reason that appellant had not obtained service on any of said defendants, and none of them had filed answer, and the trial court therefore had no jurisdiction over said parties, and could not render any judgment which in any way affected .their rights.

[1, 2] Appellant, by its fourth, fifth, sixth, and seventh propositions contends that the trial court committed fundamental error in rendering judgment against it, for the reason that appellee Johnston's petition did not allege any cause of action against it. Appellant contends that, in order for an assignment of a portion of the funds which it owed to Jarman, Smith & Guyler to be effective

and binding upon it, it was necessary for it to accept said assignment and transfer and promise and agree in writing to pay the same. We overrule appellant's contentions. It seems to be the well-settled principle of law in this state that an assignment of a portion of a chose in action for a valuable consideration is good in equity, and that it may be made either by direct transfer or by an order drawn upon the particular fund. Harris Co. v. Campbell, 68 Tex. 22, 3 S. W. 243, 2 Am. St. Rep. 467; Neeley v. Grayson County Nat. Bank, 25 Tex. Civ. App. 513, 61 S. W. 559; Clay-Butler Lumber Co. v. Pickering Lumber Co. (Tex. Civ. App.) 264 S. W. 267; Id. (Tex. Com. App.) 276 S. W. 664.

[3, 4] Appellant, by his eighth and last proposition, contends that the trial court committed fundamental error in failing and refusing to file findings of fact and conclusions of law. We overrule this assignment. Appellant does not, under this or any other proposition, attempt to show that it was in any way injured by the failure of the trial court to file its findings of fact and conclusions of law. The record shows that the request for findings of fact and conclusions of law was seasonably made, and that the court did, on the thirteenth, instead of the tenth, day after adjournment of court, file a full and complete findings of fact and conclusions of law. The transcript, which was filed in the appellate court six months before the case was briefed, contains the findings of fact and conclusions of law as filed by the trial court. Appellant in its assignments of error filed in the trial court nor in its brief filed in this court does not in any way attack the judgment of the court, because it is not supported by the evidence. Neither does it contend that there were any controverted issues of fact to be submitted to the jury. It appears from the record that appellant defended the cause of action on the theory that it was not liable, under the statute of frauds, because it had not accepted in writing the assignment of the portion of the funds which had been made by Jarman, Smith & Guyler to appellee.

We held, in disposing of appellant's assignments 4 to 7, that it was not necessary for appellant to accept the assignment in writing in order to bind it. Appellant in its answer filed stated that it denied the allegations of plaintiff, except those which were alleged and admitted by it. In order for appellee to have recovered judgment in the trial court, it was only necessary for him to show that Jarman, Smith & Guyler were indebted to him, and that appellant was indebted to said Jarman, Smith & Guyler, and that he (appellee) had an assignment or transfer from Jarman, Smith & Guyler of $308 of the funds in the hands of appellant which it owed said parties, and that appellant had actual knowledge of said transfer and assignment before it paid out the funds which it held in its hands belonging to said Jarman,

Smith & Guyler. In its answer appellant admitted that it owed Jarman, Smith & Guyler $3,147, and that it paid same to Groneman & Groneman in January, 1926, on an order drawn on it by Jarman, Smith & Guyler of date December 11, 1925. It also admitted that in August, 1925, it was informed by appellee that Jarman, Smith & Guyler owed him $308, and that he had an assignment of this amount of the funds which were due by appellant to Jarman, Smith & Guyler, and admitted that it paid the money to Jarman, Smith & Guyler after they had actual notice of the assignment by Jarman, Smith & Guyler to appellee of said amount. The judgment of the trial court finds that Jarman, Smith & Guyler were indebted to appellee for the $308 used for, and specifically finds that appellee had an assignment of $308 of the funds which appellant owed Jarman, Smith & Guyler. The court further finds in its judgment that all the allegations contained in appellee's petition had been established by the testimony.

Our courts seem to hold without question that the failure of the trial court to file findings of fact and conclusions of law will not necessarily require a reversal of the judgment; the correct rule, as we understand it, being stated by the Supreme Court in Riley v. Austin, 112 Tex. 216, 245 S. W. 907, as follows:

"We think that where it appears from the record that a party has not been injured by such failure [filing findings of fact] to act on the part of the trial judge within the time prescribed, and where every contention made by such party has been preserved in the record, he is not entitled to have the case reversed on the bare error assigned."

This opinion has been cited a number of times, and this rule has been followed. Western Union Tel. Co. v. Beck Auto Co. (Tex. Civ. App.) 251 S. W. 1116; Wright v. First Guaranty St. Bank of Bellview (Tex. Civ. App.) 281 S. W. 270 (error dismissed); George v. Dupignac (Tex. Civ. App.) 273 S. W. 935 (error refused); Employers' Casualty Co. v. Harris (Tex. Civ. App.) 284 S. W. 634; Voelkel-McLain Co. v. First Nat. Bank (Tex. Civ. App.) 296 S. W. 970; Russell v. Lehman (Tex. Civ. App.) 300 S. W. 105; G., H. & S. A. Ry. Co. v. Stewart (Tex. Com. App.) 257 S. W. 526. Appellant in its brief has not pointed out any controverted issues of fact. Neither has it attempted to show that it has been in any way injured by the failure of the trial court to file his findings of fact and conclusions of law within the time required by law. The findings of fact and conclusions of law not having been filed in time, we are not authorized to consider same. We think, however, it is apparent from the entire record that the case has been fairly tried and correctly disposed of, and that appellant has not suffered any injury by reason of the trial court's failure to file his findings of fact and

conclusions of law at an earlier date. As was said by Chief Justice Phillips of the Supreme Court in Barfield v. Emery, 107 Tex. 306, 177 S. W. 952:

"We agree with the view expressed in the dissenting opinion of Chief Justice Conner that it does not appear that the omission of the trial judge to duly file his conclusions prevented a proper presentation of the questions involved in the appeal, or that it could have operated to the prejudice of the plaintiff in error in that court. We are of opinion therefore that it did not in itself warrant a reversal of the judgment."

[5] The admission of certain facts by appellant in its pleadings and the findings of fact contained in the judgment of the trial court in this case covered all of the disputed issues as raised by the pleadings. As was said in the case of Riley v. Austin, 112 Tex. 216, 245 S. W. 907, where the findings of fact are embraced in the judgment of the trial court, it is not reversible error for the trial court to fail to file separate findings of fact.

We have examined all of appellant's assignments of error, and same are overruled. Appellee's motion for rehearing is granted, our original opinion is withdrawn, and the judgment of the trial court is in all things affirmed.

### On Motion for Rehearing.

[6] Appellant in its motion for rehearing strenuously insists that there is fundamental error apparent of record because the judgment of the trial court is not a final judgment, in that it fails to specifically dispose of its cross-action against its codefendant, E. W. Jarman. The record in this case reveals that appellee Johnston brought this suit against appellant and against E. W. Jarman, L. A. Smith, W. C. Guyler, H. H. Groneman, and C. A. Groneman for $308. None of the defendants except appellee were served with citation. E. W. Jarman waived the issuance of citation, and entered his appearance, but made no further answer. Appellant by an amended pleading denied liability, and by way of cross-action alleged that, if it were liable to appellee Johnston, it was entitled to judgment over against all of its codefendants for any sum that it might be required to pay appellee on his claim because it had paid the money to H. H. and C. A. Groneman on the order of the other named defendants. Appellee Johnston, by amended pleading, dismissed all of the defendants, except appellant and E. W. Jarman, alleging, as a reason therefor, that all the defendants were nonresidents of Texas, and were totally insolvent, and that no service had been had upon any of them except E. W. Jarman, who had waived same. The cause was tried to the court, and judgment was entered for Johnston against appellant and E. W. Jarman, jointly and severally. The judgment

does not mention the cross-action of appellant against its codefendants.

A large number of the authorities cited by appellant in support of its contention were discussed, and either specifically or by implication overruled by the Supreme Court in the case of Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161. Prior to the opinion in the Trammell v. Rosen Case, there were two distinct lines of authorities in this state, one termed by the Supreme Court in said opinion as the stricter rule of construction of judgments, and the other as the liberal rule with reference to whether the judgment of the trial court had by implication disposed of all the parties and issues. The Supreme Court adopted the liberal rule of construction, and held in said case that, if by any reasonable implication it could be said that the judgment of the trial court had disposed of the issues and parties, the appeal would not be dismissed because of lack of finality of the judgment rendered. This opinion has been cited many times, and followed by an unbroken line of authorities It does not appear from the record in this case that appellant objected to the judgment of the trial court because it did not specifically dispose of its cross-action against its codefendant, and there is nothing in the record which indicates that the appellant in any way called its cross-action to the attention of the trial court or invoked any ruling thereon.

Appellant did not ask for the cause to be continued to get service on its cross-action, and no objection on its part is shown by the record to the action of the trial court in dismissing from the case its codefendants Gronemans, to whom appellant alleged it had paid the money. Appellant appealed from the judgment of the trial court as a final judgment, and did not assign error to the action of the trial court in failing to render judgment on its cross-action. Under facts very similar to these, it has been held that it will be presumed in support of the judgment that the defendant waived or abandoned its cross-action against its codefendant, and that the judgment was a final judgment, although the cross-action was not mentioned. Burton-Lingo Co. v. First Baptist Church of Abilene (Tex. Com. App.) 222 S. W. 203; Kirk v. City of Gorman (Tex. Civ. App.) 283 S. W. 188; Ellis v. Harrison (Tex. Civ. App.) 52 S. W. 581 (error refused). Among other numerous authorities that might be cited, holding in effect that a cross-action not specifically disposed of by the judgment of the trial court is disposed of by implication, we cite: Southern Pacific Co. v. Ulmer (Tex. Com. App.) 286 S. W. 193; Tennison v. Donigan (Tex. Com. App.) 237 S. W. 229; Phillips v. Jones (Tex. Civ. App.) 283 S. W. 298; Mathis v. Overland Auto Co. (Tex. Civ. App.) 265 S. W. 1069; Moody v. Smoot, 78 Tex. 119, 14 S. W. 285;

Varrs v. Faulkner (Tex. Civ. App.) 138 S. W. 789; Porter v. P. & N. T. Ry. Co., 56 Tex. Civ. App. 479, 121 S. W. 897; Wilson v. Smith, 17 Tex. Civ. App. 188, 43 S. W. 1086; Houston Oil Co. v. Village Mills Co. (Tex. Com. App.) 241 S. W. 122. In this case appellee's cause of action was not in any way dependent upon the cross-action filed by appellant against its codefendants, and could not in any way affect same. The record failing to show that appellant called its cross-action against its codefendants to the attention of the trial court, or that it excepted to the action of the court in failing to specifically dispose thereof, or that it assigned error thereto, and there being no contention on its part that it has been in any way injured thereby, same does not present such fundamental error which requires a dismissal of the appeal.

We have carefully examined appellant's motion for rehearing, and same is overruled.